Gerard Chang
In Pro Per
1247 Vicente Street
San Francisco, CA 94116
Tel.: (415) 812-5808



**FILED**

JUN 2 5 2007



RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

GERARD CHANG,

    Plaintiff,

       v.

GREATER BAY BANK, GREATER BAY
BANCORP, CHERYL E. HOWELL,
KRYSTYNA MARCINIAK, CATHLEEN
COLGAN, ERIC LEE, and DOES 1 to 50,

    Defendants.

_____/

CASE NO.:

**C 07 3334**

EMC

**COMPLAINT FOR WRONGFUL
TERMINATION, NON-COMPLIANCE WITH
FAMILY AND MEDICAL LEAVE ACT, ADA,
ANTI-AGE DISCRIMINATION ACT,
FAIR LABOR STANDARDS,
CONSTITUTIONAL TORT, BREACH OF
DUTY, NEGLIGENCE, INFLICTION OF
EMOTIONAL PAIN AND SUFFERING**

**DEMAND FOR JURY TRIAL**

1. **Jurisdiction.** This Court has jurisdiction over this complaint because it arises out of the laws of the United States of America.

2. **Venue**. Venue is appropriate in this Court because all the defendants conduct business and reside in this district.

3. **Intradistrict Assignment.** Plaintiff moves the Court to assign this complaint to the San Francisco Division for the following reasons:

    (a) Defendants Greater Bay Bank et al. conduct business here in San Francisco;

    (b) the lawyers for Defendants Greater Bay et al. are located here in San Francisco;

---

COMPLAINT
Gerard Chang v. Greater Bay Bank et al.

(c) Plaintiff would face financial hardship if required to travel to a Court outside of San

   Francisco;

(d) Judge Claudia Wilken dismissed Plaintiff's first complaint and this complaint filed by Plaintiff

   in forma pauperis; therefore, Plaintiff is re-filing this complaint with payment of fees in order

   to protect his right to prosecute and to remedies;

(e) Plaintiff asserts that the Oakland and San Jose divisions will not be fair and impartial; and

(f) Plaintiff further asserts that the San Francisco Division has subject matter jurisdiction for this

   complaint.

Therefore, it is in the interest of justice that this complaint be assigned to the San Francisco division.

### FACTS AND ALLEGATIONS:

4.  Plaintiff was hired by Defendant Greater Bay Bank as a Vice President and Trust Officer of their

   Trust Company, Greater Bay Trust Company as of April 16, 2001.

5.  Plaintiff was offered a base salary of $85,000.00 plus 20% Bonus and Stock Options.

6.  Plaintiff's terms of total compensation and earnings, set forth in his offer letter of employment

   received from Defendants Greater Bay Bank et al., were unlawfully changed by Defendants via

   surreptitious means; Defendants did so after Plaintiff started working and through a document

   referred to as an employee handbook or manual.

7.  Plaintiff's professional experience is in the trust administration of employee benefits retirement

   plans. Greater Bay Bank hired Plaintiff to be a trust account administrator of employee benefits

   plans and some individual retirement accounts.

8.  Defendant Greater Bay Bank is a Super Community Bank with affiliate banks located throughout

   the Bay Area, operating under the Greater Bay Bank holding company umbrella and using their

   own names.

9.  Greater Bay Trust Company, a division of Defendant Greater Bay Bank, provides the fiduciary and

   investment management services for all the affiliate banks' clients and other clients who do not

   necessarily maintain a banking relationship with any of the affiliate banks. As of January 26, 2005

there were 3 physical locations for Greater Bay Trust Company: 2 in Palo Alto and 1 in Santa Clara.

10. Greater Bay Trust Company had approximately $660 million in clients' assets in its custody as of January 26, 2005.

11. Greater Bay Trust Company was not, as of January 26, 2005, audited by an independent outside auditor. It was however, presumably subject to audits by the Office of the Comptroller of the Currency.

12. Defendant Cheryl E. Howell was an Executive Vice President of Greater Bay Bank and head of the Greater Bay Trust Company as of January 26, 2005.

13. Defendant Krystyna Marciniak was Vice President of Operations and Compliance Officer of the Greater Bay Trust Company as of January 26, 2005.

14. Defendant Cathleen Colgan was Vice President and Senior Trust Officer responsible for the administration of personal trust accounts, charitable trust accounts and non-profit trust accounts at the Greater Bay Trust Company as of January 26, 2005.

15. Defendant Eric Lee was a Trust Administrative Assistant at the Greater Bay Trust Company as of January 26, 2005. He reported to Defendant Cathleen Colgan and assisted her and Plaintiff.

16. Defendant Greater Bay Bank and its affiliates are regulated by and required to comply with federal and state laws including but not limited to:

(a) 18 USC Section USA PATRIOT Act;

(b) 12 USC Section 92a;

(c) American with Disabilities Act;

(d) Anti-Age Discrimination Act;

(e) Fair Labor Standards;

(f) Civil Rights;

(g) Worker's Compensation; and

(h) Family and Medical Leave Act.

17. Defendant Cathleen Colgan resigned from her job, without a transition plan for her personal trust

---

COMPLAINT
Gerard Chang v. Greater Bay Bank et al.

accounts, charitable trust accounts and non-profit trust accounts, which led to Defendant Cheryl E. Howell's willful and negligent assignment of a large number of her accounts to Plaintiff.

18. Prior to her resignation, Defendant Cathleen Colgan failed to properly address with Defendant Cheryl E. Howell, performance and business risk issues involving Defendant Eric Lee; issues which affected fiduciary accounts.

19. Defendant Cheryl E. Howell acted negligently in her capacity as head of the Trust Company by failing to address or take appropriate action to remedy said performance and business risk issues.

20. Plaintiff was assigned a large number of Defendant Cathleen Colgan's personal trust, charitable trust and non-profit trust accounts. These accounts are different from employee benefits trust accounts and require different expertise in the same way the expertise of a brain surgeon is different from that of a heart surgeon; though both deal with the human body.

21. Defendant Cheryl E. Howell acted willfully and negligently by assigning Defendant Cathleen Colgan's accounts to Plaintiff without previously taking appropriate action to correct said performance and business risk issues.

22. The position of personal trust administrator requires several years of relevant work experience with a law degree preferred.

23. Plaintiff has neither the requisite personal trust administrator work experience nor a law degree.

24. Defendant Cheryl E. Howell acted willfully and negligently when she did not assign all of Defendant Cathleen Colgan's personal trust, charitable trust and non-profit trust accounts to the experienced personal trust administrators working for the Greater Bay Trust Company to administer in accordance with laws and regulations pertaining to them.

25. Defendant Cheryl E. Howell acted willfully and negligently when she did not provide adequate personal trust administration work and legal training as well as a transition plan that was both essential and necessary for Plaintiff to do that type of work.

26. Defendant Krystyna Marciniak willfully and negligently did not act in her capacity as Compliance Officer to prevent and later address, the lapse in regulations and sound business principles that arose out of the performance and business risk issues involving Defendant Eric Lee as well as out

of the assignment of personal trust accounts, charitable trust accounts and non-profit trust accounts to Plaintiff.

27. Defendant Cheryl E. Howell acted willfully and negligently when she placed Plaintiff in the untenable position that caused Plaintiff's severe mental breakdown, which the Defendants failed to remedy when they had every opportunity to do so. Furthermore, they breached their duties to provide him with legally mandated benefits to allow him to take care of his illness and to return to work. Defendants simply did not want a mentally ill employee and thus, acted unlawfully and with the intent to get rid of him.

28. Defendants, by these acts, willfully, negligently and consciously caused Plaintiff's mental breakdown as well as further injuries and damages to Plaintiff.

29. Defendants willfully and negligently breached duties owed to Plaintiff as an employee under applicable federal, state and government regulations. These laws include but are not limited to: Americans with Disabilities Act, Anti-Age Discrimination Act, Family and Medical Leave Act, Worker's Compensation, Civil Rights, Health and Welfare Benefits, Disability Benefits and Tort.

30. Defendants are required to comply with such applicable laws not just with respect to Plaintiff individually, but with respect to all employees. In other words, discriminatory treatment and/or application are not permissible under said laws.

31. Defendants acted negligently, willfully and, with malice and intent to harm Plaintiff by not making feasible and necessary changes and by withholding and denying legally mandated medical benefits and leave for treatment to allow him to recover from his mental breakdown and to return to work.

32. Defendants acted unlawfully if not criminally, and in what unfolded as a series of actions and inactions on their part that caused injuries and damages to Plaintiff.

33. Plaintiff was a valuable employee who had been performing competently and satisfactorily, up until the point of his severe mental breakdown brought on by the Defendants' actions and inactions.

34. By virtue of the special employer-employee relationship that existed between Plaintiff and Defendants, Defendants had duties and obligations that they breached unlawfully and inexcusably

when they wrongfully terminated Plaintiff. Defendants do not enjoy any special exemption from applicable laws; except for perhaps as allowed by Judge Claudia Wilken in the Oakland division of the Court.

35. Defendants' actions and inactions in these events were the direct and proximate cause of Plaintiff's severe mental breakdown and subsequent injuries and damages to him.

36. As a matter of fact, on January 26, 2005 at a company meeting, attended by Plaintiff and at least a dozen other employees, Plaintiff stood up and announced that he was a security risk and could no longer work for Greater Bay Bank. Plaintiff allegedly stated that he had falsified documents and that due to the lack of internal controls in the department, others (including family members) might use him for bad acts. This incident is what Defendants in their defense, claim to be Plaintiff's *voluntary resignation*.

37. Heller Ehrman Attorneys LLP, counsel for the Defendants, and Judge Claudia Wilken in the Oakland division of the US District Court, are of the legal mindset that this is standard and normal practice whereby employees resign at Greater Bay Bank and its affiliates, and for that matter, at any other company in the country.

38. In effect, the reality was that Plaintiff had suffered a severe mental breakdown as a direct and proximate consequence of the actions and inactions by Defendants Greater Bay Bank et al.

39. However, Defendants have unlawfully used this absurd excuse of Plaintiff's voluntary resignation in complete disregard of the facts and circumstances as well as the numerous individuals who witnessed Plaintiff's mental breakdown on January 26, 2005.

40. The fact of the matter is (at least according to Defendant Cheryl E. Howell) that in the midst of his mental breakdown, Plaintiff pointed out to Defendant Cheryl E. Howell, security and business risks associated with the assignment of Defendant Cathleen Colgan's accounts to him. On the one hand, there was the lack of experience on Plaintiff's part and on the other hand, there were the unresolved performance and business risk issues.

41. Plaintiff was told by Defendant Cheryl E. Howell that she would look into Plaintiff's allegations and promised to get back to him.

42. Plaintiff went home after that conversation with defendant Cheryl E. Howell with the expectation that she would take appropriate action to correct the situation. Defendant Cheryl E. Howell looked only into the ludicrous Plaintiff's allegations of documents having been falsified, etc., and never followed up with Plaintiff.

43. After the alleged Plaintiff's *voluntary resignation*, Defendant Cheryl E. Howell quickly mobilized and activated Greater Bay Bank's security department and had their top in-house investigator look into Plaintiff's allegations as though they had no internal controls to speak of whatsoever, and as though Defendants were completely unaware of Plaintiff's work up until that point.

44. Without any involvement from Human Resources as appropriate and necessary under the circumstances, what transpired afterwards was only Plaintiff's unlawful termination by Defendants.

45. Defendants Greater Bay Bank et al., through their in-house security staff, were notified by Plaintiff's sister of the fact that he had apparently suffered a mental breakdown and that they planned for him to receive medical treatment. This was on top of how Plaintiff behaved at the company meeting on January 26, 2005.

46. The Defendants' expectation, which must be underscored, is for the court to assume that it was perfectly logical as well as lawful, for them to see Plaintiff's behavior not only as ordinary and normal, but also as Plaintiff's *voluntary resignation.*

47. Therefore, in keeping with this most peculiar line of thinking, the Defendants sent termination papers to Plaintiff once their *thorough and expensive* internal investigation of Plaintiff's allegations announced at the aforementioned company meeting, revealed absolutely nothing. Defendants never minded Plaintiff's mental breakdown and they must be brought to trial to explain the reasons why.

48. These acts on the Defendants' part constitute a breach of duty – if not criminal conduct – to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee.

49. Plaintiff never received any information about his rights and benefits from the Defendants and was thereby unlawfully denied the protection and/or benefits otherwise available and owed to him as an employee.

50. Plaintiff was at home suffering from his severe mental breakdown when on February 2, 2005, he was involuntarily taken by San Francisco City agencies' employees to San Francisco General Hospital where out of concern for his life, he was held for two days.

51. Because of his mental state at the time, Plaintiff suffered great trauma as a result of this act which had the intent to protect Plaintiff's welfare.

52. Although the City and County of San Francisco et al. had Plaintiff's welfare at heart, Plaintiff's psychological state was aggravated by the trauma.

53. As a result of the traumatic experience, Plaintiff filed a complaint in the Superior Court of San Francisco: *Gerard Chang v. City and County of San Francisco et al.* CGC 05-444715.

54. In the thick of his severe mental breakdown and, during the post-trauma days, is when Plaintiff received the termination package from Defendant Greater Bay Bank. This was not happy news and did not help Plaintiff's mental state.

55. What Plaintiff should have received instead, under applicable laws, is information pertaining to rights and benefits afforded to him under such laws, as well as the opportunity to avail himself of such rights and benefits.

56. At this overwhelming and horrific time in Plaintiff's life, his former tenants: (1) Michael J. Lynch, (2) Than Tran, (3) Mark Buhler and wife, (4) Anne Marie Despain engaged in malicious acts by refusing to comply with Plaintiff's concerns with regard to tenancy issues that he had brought up to their attention.

57. These dishonest and despicable former tenants proceeded to take advantage of Plaintiff's mental state and breached their rental agreements which they had entered into exclusively with Plaintiff, rather than address said tenancy issues and concerns raised by Plaintiff.

58. In addition to acting in this manner, they took side in the family legal dispute between Plaintiff and his brother William Chang. Plaintiff and his brother own Plaintiff's home at 584-586-588 Sanchez Street, San Francisco, California 94114. Plaintiff owns 70% and his brother 30% and they had been involved in litigation regarding their property for which Plaintiff was legally represented by the law firm Goldstein, Gellman, Melbostad, Gibson & Harris LLP in 2002.

---

59. Plaintiff warned the tenants to seek legal advice or risk legal action by Plaintiff and to resume paying the rent to him, which they had started to pay to his brother William Chang in breach of their rental agreements with Plaintiff.

60. Enter Andrew Zacks of Zacks Utrecht and Leadbetter PC, who according to testimony given in the Superior Court of San Francisco by former tenant Than Tran, told them (Michael J. Lynch and Than Tran) to continue to pay the rent to William Chang, both in breach of their rental contract and with full knowledge that Plaintiff had informed them he would pursue legal action against them to enforce their rental agreement.

61. In view of these acts by the former tenants and Zacks Utrecht and Leadbetter PC, Plaintiff went to see his former lawyers Goldstein, Gellman, Melbostad, Gibson & Harris LLP to question the legal work that the firm had performed on his behalf, and which was now being used against him by the former tenants and his brother. The firm had been highly recommended by lawyer Elizabeth T. Erhardt who worked for the firm then but is now with Sideman and Bancroft, another law firm in San Francisco, California.

62. Plaintiff met with Mr. Jeffrey G. Gibson, the partner at the firm who had personally handled the legal work on behalf of the firm. Plaintiff informed Mr. Gibson that their legal work was causing more litigation and problems which Plaintiff was about to face, and that this nightmare was certainly not what he had had in mind when he retained their services.

63. Mr. Jeffrey G. Gibson could not care less about Plaintiff's predicament. He informed Plaintiff that he had been contacted by Mr. Andrew Zacks of Zacks Utrecht and Leadbetter PC and that in order for him to do anything on Plaintiff's behalf, he, and his firm, would have to be paid yet again for services they had been previously hired to do. That included explaining to Plaintiff what exactly it was the firm and Mr. Gibson had done on his behalf.

64. Essentially, Mr. Gibson told Plaintiff to 'take a hike.' Consequently, Plaintiff, in shock, set out to find legal representation against Goldstein et al. Surprisingly, not even the BAR Association was able to provide contact information for any one lawyer who would take on Plaintiff's case. Thus, Plaintiff filed a complaint against the firm and Mr. Gibson in the Superior Court of San Francisco,

Case No. CGC 05-448410, claiming among other things, malpractice, fraud, breach of duty, etc. Said complaint has been removed to the US District Court, Case C 07-02512 MJJ, with a motion to remand scheduled to be heard sometime late in July 2007.

65. In order to enforce his property owner's rights, Plaintiff filed an unlawful detainer action in the Superior Court of San Francisco, *Gerard Chang v. Michael J. Lynch and Than Tran* CUD 05-614414.

66. Said complaint led to a cross complaint allowed to be filed by Judge Peter J. Busch. That act resulted in extortion of insurance money from Encompass Insurance by Michael J. Lynch and Than Tran ranging in the hundred thousand dollars.

67. Likewise, former tenants Mark Buhler and his wife Anne Marie Despain have filed this year, a complaint in the Superior Court of San Francisco, *Mark Buhler and Anne Marie Despain v. Gerard Chang, William Chang et al.* CGC 07-462294. This complaint is a copy of Lynch's and Tran's complaint.

68. Based upon the fact that Plaintiff's former tenants Michael J. Lynch and Than Tran successfully extorted money from Plaintiff's insurance, Mr. Buhler and his wife Anne Marie Despain will likely succeed in extorting money as well. To their advantage is the fact that the same unethical lawyer who represented Michael J. Lynch and Than Tran, Andrew E. Westley, State Bar No. 171940, is representing them as well.

69. Though the attorneys for Encompass Insurance, Haapala, Altura, Thompson and Abern and Gregory O. Bianco have managed to limit the damages on behalf of Plaintiff, they are nevertheless, monetary damages sustained by Plaintiff.

70. The claims against Plaintiff's homeowners insurance are damaging to his standing with insurance companies and to his ability to secure homeowners insurance in the future.

71. Meanwhile, Zacks Utrecht and Leadbetter PC for their part, initiated full-swing litigation against Plaintiff on behalf of his brother William Chang. They filed two complaints in the Superior Court of San Francisco, *William Chang v. Gerard Chang et al.* CUD 05-615866 and *William Chang v. Gerard Chang et al.* CGC 05-443288.

72. Zacks Utrecht and Leadbetter PC has obtained two money judgments for these complaints: (1) One for $40,831.58 from Judge Ronald E. Quidachay; and (2) one for $119,874.95 from Judge Thomas J. Mellon Jr.

73. In connection with these two complaints filed by Zacks Utrecht and Leadbetter PC, Plaintiff was evicted from his home by order of Judge Quidachay in 2006 and shut out of any involvement in his property by Judge Thomas J. Mellon Jr. Plaintiff has since been forced to live in a rented room and unlawfully deprived of the enjoyment and privacy of his home.

74. Also in connection with these two complaints filed by Zacks Utrecht and Leadbetter PC, Plaintiff has to appear at a hearing in Commissioner Bruce E. Chan's Dept. 610 at 9:00 a.m. on July 16, 2007, at which time the Superior Court of San Francisco will likely grant the Application for Force Sale of Plaintiff Gerard Chang's home as well as stripping him of his homestead exemption on the proceeds of the force sale. Zacks Utrecht and Leadbetter PC has asserted to the Superior Court that because Plaintiff is no longer living in his home, he is therefore, not entitled to it.

75. Had the Defendants not proceeded unlawfully and criminally as they did, Plaintiff would have had options that were never made available to him; options that could have mitigated, if not prevented, the injuries and damages Plaintiff has suffered to date.

76. In the midst of the legal battle with his tenants and brother as well as suffering from his mental breakdown, Plaintiff received the termination package from the Defendants. Plaintiff then went to the Employment Development Department to file a claim for Unemployment Insurance benefits.

77. Besides unlawfully terminating Plaintiff's employment, the outrageous conduct of the Defendants became vicious as the defendants then refused Plaintiff's claims for Unemployment Insurance benefits claiming that Plaintiff had *voluntarily resigned* on January 26, 2005.

78. Moreover, the defendants also refused to pay Plaintiff's bonus and stock options for the year 2004 also claiming that Plaintiff had *voluntarily resigned* on January 26, 2005.

79. However, under applicable laws, and had the Defendants follow such laws, Plaintiff would have unequivocally, still been employed and would have also recovered from his mental breakdown and returned to work.

80. Therefore, it follows that in such case, Plaintiff could not have been robbed of his earned bonus and stock options for 2004; not to mention being criminally deprived of benefits and protection owed to him. Criminally, because Defendants either treat all employees in such unlawful manner or they singled out Plaintiff with improper motive amounting to malice and intent to harm Plaintiff.

81. Further traumatized by this sequence of events, Plaintiff filed complaints with the California Unemployment Insurance Appeals Board and with the State of California Labor Commissioner. Both agencies denied any rights and remedies to Plaintiff without any understanding or adequate consideration of the nature of Plaintiff's work.

82. Plaintiff then filed a complaint in the US District Court, San Francisco Division on December 13, 2005, Case No. CV 05-5166 CW. Said complaint was subsequently assigned to Judge Claudia Wilken in the Oakland, California division of the Court.

83. Judge Claudia Wilken had already dismissed several counts of the first complaint CV 05-5166 CW early on in the proceedings. Then, sometime in March 2007, she dismissed said complaint entirely. It appears as though Judge Wilken thinks that she alone can make all decisions on all matters set forth in a complaint filed in the US District Court. She took such action at the Defendants' motion for summary judgment which Plaintiff does not consider synonymous with dismissal – nor could they legally be considered synonymous either – and despite the fact that Plaintiff *demanded* a Jury Trial.

84. In light of Judge Wilken's dismissal of the complaint, Plaintiff, in order to protect his rights, filed an appeal in the US Court of Appeals 9th Circuit, Case No. 07-15641 in forma pauperis, which Judge Wilken denied, forcing Plaintiff to pay the fee for the appeal in order to protect his right to prosecute and obtain remedies.

85. The claims set forth in this complaint are different from the claims set forth in the complaint currently under appeal; though the claims arise out of the same events and involve the same parties. This complaint, however, sets forth claims for injuries and damages to Plaintiff caused by Defendants in connection with his disability and mental breakdown, none of which was set forth in the first complaint dismissed by Judge Wilken. However, Judge Wilken also dismissed this

complaint in forma pauperis, stating that the claims are the same (bull crap!) and forcing Plaintiff to re-file with payment of the filing fee in order to protect his right to prosecute and obtain remedies.

86. During the course of the litigation for Case No. CV 05-5166 CW, which was concurrent with the lawsuit filed against the City and County of San Francisco, et al., Plaintiff met with his doctor George H. Collyer on or about December 11, 2006. Dr. Collyer had received a subpoena from San Francisco City Attorney Dennis J. Herrera's office (Deputy City Attorney Kathleen S. Morris represented the City) and Plaintiff went to see him about the nature of the subpoena in relation to the lawsuit.

87. At that meeting, Dr. Collyer informed Plaintiff that according to his records, Plaintiff had been hospitalized in 2002 (Plaintiff was then employed by Defendants.) Further, Dr. Collyer stated that he had diagnosed Plaintiff with Bipolar Disorder in 2003 and had also treated Plaintiff. Unfortunately for Plaintiff, as collateral damage, Dr. Collyer ended his doctor-patient relationship with Plaintiff due to the litigation.

88. Plaintiff then filed a Disability Application with the Social Security Administration Office located on and 22nd Street at Valencia, in San Francisco, California sometime in January of 2007. The application is being processed and Plaintiff had been informed by examiner Albert F. Ng that a decision would be made by mid-June 2007. However, Plaintiff was notified on June 20, 2007 by Mr. Ng that the agency had to further review new medical information received by the agency recently. Although a decision had been made, Mr. Ng stated that a review of the new medical information was required; therefore, Plaintiff will be notified of the agency's decision after such review is completed.

89. Plaintiff also filed an SDI claim with the Employment Development Department which was rejected by the agency due to the lack of doctor's certification. Because of the fact that Dr. Collyer had ended his relationship with Plaintiff as mentioned previously, Plaintiff was unable to obtain such certification from him.

90. Compounding the bad situation was the fact that due to the Defendants' actions and inactions,

----------------------------------------------------------------------------------------------------

Plaintiff did not have health insurance then or now, and was therefore, also unable to obtain or receive medical treatment; in view of those facts, Plaintiff could not proceed with such a claim either. However, owing to the City and County of San Francisco Department of Health and Human Services, Plaintiff is at this time, receiving medical treatment for his mental breakdown and mental disability.

91. Plaintiff communicated the mental disability information learned from Dr. Collyer to Heller Ehrman Attorneys LLP, attorneys for Defendants Greater Bay Bank et al.

92. Plaintiff also communicated to Heller Ehrman Attorneys LLP that he had filed a complaint against the City and County of San Francisco et al. in the Superior Court of San Francisco and also provided them with the fact that Deputy City Attorney Kathleen S. Morris was representing the City and its agencies. Sometime in February 2007, with the assistance of Judge Tomar Mason, Plaintiff dismissed said complaint against the City and its agencies.

93. On May 1, 2007 Plaintiff filed a discrimination charge under the American with Disabilities Act with the Equal Employment Opportunity Commission.

94. On May 4, 2007 at approximately 4:20 p.m. an EEOC federal investigator by the name of Yasmin Macariola, telephone (415) 625-5697, called Plaintiff and informed him that the discrimination charge he filed with the EEOC was untimely; therefore, no action would be taken by the EEOC.

95. Plaintiff subsequently received a claim rejection letter from Ms. Macariola of the EEOC.

96. As a professional courtesy and prior to filing the discrimination charge with the EEOC, Plaintiff called Heller Ehrman Attorneys to inform them of his intent to file a discrimination charge with the EEOC as well as pursuing further legal action in the US District Court. He spoke with Ms. Sarah Armstrong, attorney at Heller Ehrman Attorneys who works with Ms. Patricia K. Gillette, lead counsel for the Defendants.

97. Ms. Armstrong informed Plaintiff that Heller Ehrman Attorneys LLP would seek to have Plaintiff's complaint dismissed based on the lack of timeliness.

98. However, Plaintiff's complaint cannot be dismissed by the Court without proper and just consideration of the following facts:

(a) Plaintiff was employed by Defendant Greater Bay Bank from April 16, 2001 through January 26, 2005. During this period Plaintiff was hospitalized, diagnosed and treated for his mental disability;

(b) In-house security staff at Greater Bay Bank declared that he was notified by Plaintiff's sister that he had suffered a mental breakdown and was being attended by family;

(c) Plaintiff was made aware, on or about December 11, 2006, by doctor George H. Collyer that he had diagnosed Plaintiff with Bipolar Disorder in 2003 and also treated Plaintiff;

(d) Defendants' conduct rises to the criminal level; unless, of course, Judge Claudia Wilken decrees that the laws do not at all apply to them;

(e) Plaintiff asserts that the *discovery* date is on or about December 11, 2006;

(f) The statute of limitations does not apply where criminal or fraudulent conduct is present; and

(g) Plaintiff asserts that the Defendants are indeed culpable of fraudulent, if not criminal conduct. Early on, during the proceedings of the first case, Defendants offered Plaintiff a pittance in exchange to settle the first case with a waiver of all rights to sue Defendants for any foreseeable or unforeseeable claims Plaintiff might have against Defendants in connection with his employment. Defendants, unequivocally, had knowledge then of Plaintiff's mental breakdown and/or disability.

99. Therefore, Plaintiff's complaint cannot be dismissed by the Court based upon timeliness alone.

100. Dismissal of this complaint would deny Plaintiff of Equal Protection and remedies for his claims.

101. Furthermore, Plaintiff has a right under the law to seek justice and petition for remedies, and the appropriate place to do that is in the US District Court.

102. Defendants and several other company employees all witnessed the bizarre circumstances under which Plaintiff allegedly *voluntarily resigned* at a company meeting.

103. Judge Claudia Wilken and Heller Ehrman Attorneys LLP may consider these circumstances as the standard practice for employees to resign; however, it is not.

104. Plaintiff was criminally left by Defendants to suffer from the severe mental breakdown, without

any legally mandated medical treatment or benefits whatsoever.

105. Plaintiff should have received immediate and proper assistance, treatment, and any and all legally mandated help from Defendants Greater Bay Bank et al. Instead, they willfully, unlawfully and maliciously breached the duties owed to Plaintiff under applicable laws.

106. As a result, Plaintiff has suffered personal and financial damages and has endured great emotional pain and suffering arising out of the Defendants' actions and inactions.

107. According to Heller Ehrman Attorneys LLP and Judge Claudia Wilken, the Defendants' conduct is not only lawful but also *honest* insofar as it applies to the Defendants' duties and conduct with employees. This is tantamount to telling citizens that a hit-and-run is quite alright both morally and legally even though there are laws to the contrary.

108. Defendants committed the acts maliciously, fraudulently, oppressively and with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages in addition to other damages according to proof.

109. Because the Defendants' conduct has been so egregious, Plaintiff requires the protection that only litigation can afford him.

110. As a result of all of the foregoing, Plaintiff has suffered all kinds of damages according to proof, and most certainly, not according to Judge Claudia Wilken's decision alone.

## CAUSES OF ACTION:

111. **First Count: Non-Compliance with Americans with Disability Act: Wrongful Termination.** Defendants' actions toward Plaintiff constitute a wrongful termination in violation of the Americans with Disabilities Act. Plaintiff had been hospitalized in 2002, diagnosed with and treated for Bipolar Disorder in 2003; he suffered the mental breakdown while still employed and therefore, he had protection under the Act.

112. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein

by reference.

113. Plaintiff is entitled to punitive damages and other damages according to proof.

**114. Second Count: Non-Compliance with Anti-Age Discrimination Act: Wrongful Termination.**
Defendants' actions toward Plaintiff constitute a wrongful termination in violation of the Anti-Age Discrimination Act. Plaintiff was 42 years of age as of January 26, 2005 and a highly compensated employee. Defendants did not want an old, mentally ill, highly paid employee.

115. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

116. Plaintiff is entitled to punitive damages and other damages according to proof.

**117. Third Count: Non-Compliance with Family and Medical Leave Act.** Defendants' actions in withholding and denying FMLA benefits to Plaintiff constitute a violation of the Act. Plaintiff had been hospitalized in 2002 and diagnosed with and treated for Bipolar Disorder in 2003. He suffered a mental breakdown for which he required medical attention and benefits in order to recover from the breakdown and to allow him to return to work.

118. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

119. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(a) duty to provide Equal Protection under the law;

(b) duty to provide Plaintiff with FMLA benefits to take care of his illness;

(c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

120. The Defendants acted willfully, negligently and with malice and intent to further harm Plaintiff when they breached their duty to provide benefits owed to him under the Act.

121. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**122. Fourth Count: Non-Compliance with Fair Labor Standards Act: Unfair Labor Practices.** Defendants' demands of Plaintiff, to perform work he was unqualified to do, constitute unfair labor practices in violation of the Fair Labor Standards Act. Plaintiff does not have personal trust, charitable trust or non-profit trust account administration experience that qualifies him for such work. He stated his objections to Defendants but according to Defendants' lawyers, not long enough to be given proper consideration. How long is enough?

123. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

124. Plaintiff is entitled to punitive damages and other damages according to proof.

**125. Fifth Count: Non-Compliance with Fair Labor Standards Act: Unfair Labor Practices.** Defendants' actions toward Plaintiff, which created a hostile work environment, constitute unfair labor practices in violation of the Fair Labor Standards Act. Defendants did not correct the situation but rather, unlawfully terminated Plaintiff from employment. He stated his objections to Defendants but according to Defendants' lawyers, not long enough to be given proper consideration. That is not a valid defense.

126. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

127. Plaintiff is entitled to punitive damages and other damages according to proof.

**128. Sixth Count: Non-Compliance with Fair Labor Standards Act: Non-Payment of Earnings.** Defendants' actions toward Plaintiff, with regard to his compensation and total earnings, constitute a violation of Fair Labor Standards. Plaintiff would have, unequivocally, still been employed had the Defendants complied with applicable laws.

129. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

130. Furthermore, the bonus and stock options are an integral part of Plaintiff's total compensation and earnings set forth to him by Defendants Greater Bay Bank et al. in their offer letter of employment.

131. Plaintiff is entitled to punitive damages and other damages according to proof.

**132. Seventh Count: Violation of Civil Rights: Wrongful Termination.** Defendants' actions toward Plaintiff, arising out of his mental breakdown, constitute wrongful termination in violation of his civil rights. Plaintiff has a constitutional right to Equal Protection under the law.

133. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

134. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(a) duty to provide Equal Protection under the law;

(b) duty to provide Plaintiff with medical leave to take care of his illness;

(c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

135. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**136. Eighth Count: Violation of Civil Rights: Disability Benefits.** Defendants' actions in withholding and denying disability benefits to Plaintiff constitute a violation of Plaintiff's civil rights. Plaintiff has a constitutional right to Equal Protection under the law.

137. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

138. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

    (a) duty to provide Equal Protection under the law;

    (b) duty to provide Plaintiff with disability benefits to take care of his illness;

    (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

    (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

    (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

139. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**140. Ninth Count: Violation of Civil Rights: Health Benefits.** Defendants' actions in withholding and denying health benefits to Plaintiff constitute a violation of Plaintiff's civil rights. Plaintiff has a constitutional right to Equal Protection under the law.

141. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

142. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

    (a) duty to provide Equal Protection under the law;

    (b) duty to provide Plaintiff with health benefits to take care of his illness;

    (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's
rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully
endeavored to cause, or actually caused, injuries and damages to Plaintiff.

143. Because the Defendants, by their acts and omissions described above, negligently disregarded the
rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive
damages and other damages according to proof.

**144. Tenth Count: Violation of Civil Rights: Discriminatory Treatment.** Defendants' actions
toward Plaintiff, arising out of his mental breakdown, constitute a violation of Plaintiff's civil
rights. Plaintiff has a constitutional right to Equal Protection under the law.

145. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein
by reference.

146. By virtue of the special employer-employee relationship created by federal and state laws
between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to
Plaintiff, including but not limited to the following:

(a) duty to provide Equal Protection under the law;

(b) duty to provide Plaintiff with disability and health benefits to take care of his illness;

(c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's
rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully
endeavored to cause, or actually caused, injuries and damages to Plaintiff.

147. Because the Defendants, by their acts and omissions described above, negligently disregarded the
rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive
damages and other damages according to proof.

**148. Eleventh Count: Violation of Civil Rights: Constructive Termination.** Defendants' actions
toward Plaintiff constitute a violation of civil rights. Plaintiff has a constitutional right to Equal

Protection under the law.

149. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

150. The Defendants' demand for Plaintiff to perform work he is unqualified to do, were imprudent, negligent, coercive, and with the wrongful intent of injuring Plaintiff. Defendants Greater Bay Bank et al. forced Plaintiff into an untenable position which caused his mental breakdown.

151. Plaintiff is entitled to punitive damages and other damages according to proof.

**152. Twelfth Count: Violation of Civil Rights: Worker's Compensation Benefits.** Defendants' actions in withholding and denying worker's compensation benefits to Plaintiff constitute a violation of Plaintiff's civil rights. Plaintiff has a constitutional right to Equal Protection under the law.

153. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

154. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(a) duty to provide Equal Protection under the law;

(b) duty to provide Plaintiff with worker's compensation benefits to take care of his illness;

(c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

155. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**156. Thirteenth Count: Violation of Civil Rights: FMLA Benefits.** Defendants' actions in

withholding and denying FMLA benefits to Plaintiff constitute a violation of Plaintiff's civil rights. Plaintiff has a constitutional right to Equal Protection under the law.

157. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

158. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

    (a) duty to provide Equal Protection under the law;

    (b) duty to provide Plaintiff with FMLA benefits to take care of his illness;

    (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

    (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

    (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

159. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**160. Fourteenth Count: Constitutional Tort in Equal Protection: Constructive Termination.** Defendants' actions toward Plaintiff constitute a violation of Plaintiff's Equal Protection rights under the Constitution. Defendants' lawyers claim Plaintiff did not complain or endured long enough, the imprudent, unsound, hostile and intolerable position he was placed in by Defendants. How long is enough? This is one of the many matters for a Jury to decide.

161. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

162. The Defendants' demand for Plaintiff to perform work he is unqualified to do, was imprudent, negligent, coercive, and with the wrongful intent of injuring Plaintiff. This demand by Defendants Greater Bay Bank et al. created a hostile work environment which caused Plaintiff's

mental breakdown. They never remedied the situation and claim his mental breakdown was his *voluntary resignation*.

163. Plaintiff is entitled to punitive damages and other damages according to proof.

164. **Fifteenth Count: Constitutional Tort in Equal Protection: Disability Benefits.** Defendants' actions in withholding and denying disability benefits to Plaintiff constitute a violation of Plaintiff's Equal Protection rights under the Constitution. Defendants unlawfully discriminated against Plaintiff.

165. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

166. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

    (a)    duty to provide Equal Protection under the law;

    (b)    duty to provide Plaintiff with disability benefits to take care of his illness;

    (c)    duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

    (d)    duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

    (e)    duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

167. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

168. **Sixteenth Count: Constitutional Tort in Equal Protection: Health Benefits.** Defendants' actions in withholding and denying health benefits to Plaintiff constitute a violation of Plaintiff's Equal Protection rights under the Constitution. Defendants unlawfully discriminated against Plaintiff.

169. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein

by reference.

170. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Equal Protection under the law;

   (b) duty to provide Plaintiff with health benefits to take care of his illness;

   (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

   (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

   (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

171. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**172. Seventeenth Count: Constitutional Tort in Equal Protection: Worker's Compensation Benefits.** Defendants' actions in withholding and denying worker's compensation benefits to Plaintiff constitute a violation of Plaintiff's Equal Protection rights under the Constitution. Defendants unlawfully discriminated against Plaintiff.

173. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

174. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Equal Protection under the law;

   (b) duty to provide Plaintiff with worker's compensation benefits to take care of his illness;

   (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

   (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's

rights as an employee; and

    (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

175. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**176. Eighteenth Count: Constitutional Tort in Equal Protection: FMLA Benefits.** Defendants' actions in withholding and denying FMLA benefits to Plaintiff constitute a violation of Plaintiff's Equal Protection rights under the Constitution. Defendants unlawfully discriminated against Plaintiff.

177. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

178. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

    (a) duty to provide Equal Protection under the law;

    (b) duty to provide Plaintiff with FMLA benefits to take care of his illness;

    (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

    (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

    (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

179. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**180. Nineteenth Count: Breach of Duty: Disability Benefits.** Defendants' actions in withholding and denying disability benefits to Plaintiff constitute a breach of duty under the law. Defendants

are not exempt from any laws.

181. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

182. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Equal Protection under the law;

   (b) duty to provide Plaintiff with disability benefits to take care of his illness;

   (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

   (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

   (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

183. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**184. Twentieth Count: Breach of Duty: Health Benefits.** Defendants' actions in withholding and denying health benefits to Plaintiff constitute a breach of duty under the law. Defendants are not exempt from any laws.

185. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

186. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Equal Protection under the law;

   (b) duty to provide Plaintiff with health benefits to take care of his illness;

   (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

187. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**188. Twenty-first Count: Breach of Duty: Worker's Compensation Benefits.** Defendants' actions in withholding and denying worker's compensation benefits to Plaintiff constitute a breach of duty under the law. Defendants are not exempt from any laws.

189. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

190. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(a) duty to provide Equal Protection under the law;

(b) duty to provide Plaintiff with worker's compensation benefits to take care of his illness;

(c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

191. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**192. Twenty-second Count: Breach of Duty: FMLA Benefits.** Defendants' actions in withholding and denying FMLA benefits to Plaintiff constitute a breach of duty under the law. Defendants

are not exempt from any laws.

193. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

194. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Equal Protection under the law;

   (b) duty to provide Plaintiff with FMLA benefits to take care of his illness;

   (c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

   (d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

   (e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

195. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

196. **Twenty-third Count: Breach of Duty: Constructive Termination.** Defendants' actions toward Plaintiff constitute a breach of duty under the law.

197. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

198. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Equal Protection under the law;

   (b) duty to provide a safe work environment free of harassment, coercion, hostility, or discrimination;

   (c) duty to take appropriate action to prevent harm from coming to Plaintiff as a result of

performing his duties;

(d) duty to provide adequate training and proper tools and support necessary for Plaintiff to perform his duties;

(e) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(f) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

199. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

200. **Twenty-fourth Count: Fraud.** Defendants' actions to change Plaintiff's total compensation and earnings constitute fraud.

201. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

202. Defendants' Greater Bay Bank et al. acted in an unlawful and fraudulent manner when they changed the terms of Plaintiff's total compensation and earnings set forth in his offer letter of employment after he had started working.

203. Plaintiff is entitled to punitive damages and other damages according to proof.

204. **Twenty-fifth Count: Fraud, Coercion and Duress.** Defendants' actions to change Plaintiff's total compensation and earnings constitute fraud by means of coercion and duress.

205. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

206. Defendants' Greater Bay Bank et al. acted in an unlawful and fraudulent manner when they used bait-and-switch tactics and coercive and duress maneuvers to change Plaintiff's total compensation and earnings set forth in his offer letter of employment after he had started working.

207. Defendants also acted fraudulently when they did not fulfill their duties under applicable law

which would have allowed Plaintiff to maintain his status as an employee through the time that the bonus and stock options were paid and awarded.

208. Plaintiff is entitled to punitive damages and other damages according to proof.

**209. Twenty-sxith Count: Negligence.** Defendants' actions toward Plaintiff constitute Negligence.

210. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

211. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(a) duty to provide Equal Protection under the law;

(b) duty to provide Plaintiff with disability, health, worker's compensation and medical leave benefits to take care of his illness;

(c) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(d) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(e) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

212. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, Plaintiff is entitled to punitive damages and other damages according to proof.

**213. Twenty-seventh Count: Intentional Infliction of Emotional Distress.**

214. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

215. Defendants Greater Bay Bank et al. intentionally engaged in the extreme and outrageous acts described above to cause Plaintiff severe emotional distress; alternatively, Defendants acted with reckless disregard of the probability that their acts would cause Plaintiff severe emotional distress.

216. Plaintiff is entitled to punitive damages and other damages according to proof.

---

**217. Twenty-eighth Count: Negligent Infliction of Emotional Distress, Pain and Suffering.**

218. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

219. At all times mentioned herein, Defendants Greater Bay Bank et al. had a duty to exercise due care toward Plaintiff, and to refrain from carelessly, negligently, and arbitrarily inflicting emotional distress upon him.

220. Defendants Greater Bay Bank et al. breached the aforesaid duty of care by unlawfully terminating Plaintiff's employment which caused Plaintiff severe emotional distress. Defendants Greater Bay Bank et al. knew, or should have known, that their failure to exercise due care with regard to the aforementioned conduct would cause Plaintiff severe emotional distress.

221. As a direct and proximate result of the negligent conduct by the Defendants Greater Bay Bank et al., Plaintiff has suffered severe emotional distress from which, under the same circumstances, any person would be unable to recover without medical treatment.

222. Plaintiff is entitled to punitive damages and other damages according to proof.

**223. Twenty-ninth Count: Tortious Interference with Plaintiff's Life and Finances.**

224. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

225. Defendants Greater Bay Bank et al. intentionally engaged in the extreme and outrageous acts described above to cause Plaintiff severe emotional distress; alternatively, Defendants acted with reckless disregard of the probability that their acts would cause Plaintiff severe emotional distress.

226. Defendants Greater Bay Bank et al., through these acts, made Plaintiff's mental condition worse. The acts described above severely disrupted Plaintiff's life, bringing forth litigation with his former tenants, his former lawyers, family, and the City and County of San Francisco, which has resulted in present and future monetary damages for Plaintiff that will lead to his financial ruin.

227. Plaintiff has been unlawfully evicted from his home and property, depriving him of the enjoyment and privacy of his home. Also, Plaintiff's home is scheduled to be forced sold to satisfy money judgments against him. These and other damages were all foreseeable risks that

Defendants unlawfully and negligently disregarded when they breached duties owed to Plaintiff as an employee.

228. Plaintiff is entitled to punitive damages and other damages according to proof.

**229. Thirtieth Count: Negligent Interference with Plaintiff's Life and Finances.**

230. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

231. At all times mentioned herein, Defendants Greater Bay Bank et al. had a duty to exercise due care toward Plaintiff, and to refrain from carelessly, negligently, and arbitrarily inflicting emotional distress upon him.

232. Defendants Greater Bay Bank et al., through these acts, breached the aforesaid duty of care and made Plaintiff's mental condition worse. The acts described above severely disrupted Plaintiff's life, bringing forth litigation with his former tenants, his former lawyers, family, and the City and County of San Francisco, which has resulted in present and future monetary damages for Plaintiff that will lead to his financial ruin.

233. Plaintiff called the ACLU on June 20, 2007 to seek legal help for his claims against Defendants. The ACLU representative informed Plaintiff that the organization could not help him with his specific case upon Plaintiff providing them with the alleged federal laws violations. However, Plaintiff was then asked some ethnically related questions and was then given the following referrals: Workers' Rights Clinic (415) 864-8208; Human Rights Commission (415) 252-2500; Instituto Laboral de La Raza (415) 431-7522 and Chinese Affirmative Action and Employment Legal Help (415) 274-6750. This was rather enlightening to Plaintiff who was not aware that federal laws are applied differently based upon a citizen's ethnicity. In any event, Plaintiff called every single number and information was gladly taken with no assurance that help would be available; one offered a half-hour interview for $25.00 fee just for evaluation of Plaintiff's situation and some of the others simply gave more numbers for other legal training and clinics. None of this so-called help has come through to lend assistance or to represent Plaintiff.

234. As a direct and proximate result of the negligent conduct by the Defendants Greater Bay Bank et al., Plaintiff has suffered severe emotional distress and present and future damages distress from which, under the same circumstances, any person would be unable to recover without medical treatment.

235. Plaintiff is entitled to punitive damages and other damages according to proof.

236. Plaintiff demands a Jury Trial

**WHERFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:**

1. Reinstatement of Plaintiff's job with seniority and benefits and within the scope of his work experience and skills;

2. For injunction barring Defendants from engaging in actions that contravene federal laws, state laws and government regulations, or actions that are not in the public interest;

3. Payment of Plaintiff's loss of compensation and benefits, including bonus and stock options, sustained to date with interest;

4. For compensatory damages and such other damages according to proof;

5. For money damages as permitted under the laws;

6. For treble damages as permitted under the laws:

7. For general damages for emotional distress and mental anguish according to proof;

8. For Punitive damages in the amount of $10,000,000.00;

9. For costs of suit;

10. For interest, including prejudgment interest at the legal rate on all counts; and

11. For such and other relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _6-25-07_                          _____
                                          Gerard Chang, Plaintiff

------------------------------------------------------------------------

COMPLAINT                                                Page 34 of 34
Gerard Chang v. Greater Bay Bank et al.