PATRICIA K. GILLETTE (No. 74461)
GREG J. RICHARDSON (No. 203788)
BROOKE D. ANDRICH (No. 238836)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Email: patricia.gillette@hellerehrman.com
Email: greg.richardson@hellerehrman.com
Email: brooke.andrich@hellerehrman.com

Attorneys for Defendants
GREATER BAY BANK, GREATER BAY BANCORP,
CHERYL E. HOWELL, KRYSTYNA MARCINIAK,
CATHLEEN COLGAN, and ERIC LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GERARD CHANG,<br><br>                    Plaintiff,<br><br>   v.<br><br>GREATER BAY BANK, GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, ERIC LEE, and DOES 1 TO 50,<br><br>                    Defendants. | Case No.: C 07-3334 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Judge:      Hon. Claudia Wilken<br>Location:  Courtroom 2, 4th Floor<br>Date:        September 6, 2007<br>Time:        2:00 p.m. |

TO:  PLAINTIFF GERARD CHANG, IN PRO PER:

PLEASE TAKE NOTICE that on September 6, 2007 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court located at 1301 Clay Street, Oakland, California, Defendants Greater Bay Bank ("GBB" or the "Bank"), Greater Bay Bancorp, Cheryl E. Howell, Krystyna Marciniak, Cathleen Colgan, and Eric Lee (collectively, "Defendants") will and hereby do move this Court to dismiss Plaintiff Gerard Chang's ("Plaintiff") Complaint, without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Request for Judicial Notice, each filed concurrently herewith; the pleadings and other documents on file in this action; and such other evidence and arguments as may be presented at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND PROCEDURAL BACKGROUND

Gerard Chang is a former employee of Defendant Greater Bay Bank who resigned abruptly on January 26, 2005, over two-and-a-half years ago.  He brings 30 causes of action against Defendants Greater Bay Bank, N.A.; Greater Bay Bancorp; and Cheryl E. Howell, Krystyna Marciniak, Cathleen Colgan, and Eric Lee, who worked with him in various capacities.  On their face, Plaintiff's 30 claims are incurably defective and should be dismissed without leave to amend.[1]

This is the third complaint Plaintiff Gerard Chang has filed against Defendants in this Court.  Plaintiff filed the first complaint—Case No. C-05-5166—on December 13, 2005.  (Request for Judicial Notice, Ex. A.)  It alleged 16 causes of action in connection

---

[1] Although pro se pleadings are construed liberally, a complaint must be dismissed if "plaintiff can prove no set of facts in support of the claim that would entitle [him] to relief." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996)).

with Plaintiff's employment and resignation: 8 causes of action for "breach of fiduciary duty," 2 causes of action for violation of the U.S. PATRIOT Act, 3 causes of action for violations of the Fair Labor Standards Act, and 3 causes of action for violations of "civil rights." On May 12, 2006, the Court entered an order dismissing Plaintiff's breach of fiduciary duty and PATRIOT Act claims with prejudice and without leave to amend. (Request for Judicial Notice, Ex. B.) The remaining claims were disposed of via summary judgment, and an order was entered against Plaintiff on March 19, 2007.[2] (Request for Judicial Notice, Ex. C.)

Plaintiff filed the second complaint in this matter—Case No. C-07-2437—on May 7, 2007, adding GBB as a defendant. (Request for Judicial Notice, Ex. E.) Plaintiff purported to allege 18 causes of action under the following theories: violation of the Americans with Disabilities Act, age discrimination, violations of the Fair Labor Standards Act, violations of unspecified "civil rights," fraud, extortion, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious and negligent interference with Plaintiff's life and finances. (*Id*.) This second attempt by Plaintiff was dismissed in its entirety on June 7, 2007—even before Defendants were served—in connection with the Court's denial of Plaintiff's motion to proceed *in forma pauperis*. (Request for Judicial Notice, Ex. F.) In the June 7, 2007 Order, the Court explained that the second complaint was barred by res judicata because "the 2005 complaint and the instant complaint contain the same allegations against the same Defendants." (*Id*., at 7.)

On June 25, 2007, Plaintiff filed the instant lawsuit against the same Defendants. In the Complaint, Plaintiff alleges 30 causes of action, which repeat and repackage the allegations and causes of action in his prior two complaints.

## II. ARGUMENT

Plaintiff's Complaint is an impermissible attempt to circumvent this Court's prior two dismissals and order on Defendants' motion for summary judgment. Plaintiff alleges

---

[2] Plaintiff timely appealed the Court's grant of summary judgment to the Ninth Circuit. (Request for Judicial Notice, Ex. D.) This appeal is currently pending.

30 counts, each of which arises from his employment with the Bank and resignation therefrom. Because the current lawsuit concerns the same transactional nucleus of facts as Plaintiff's two prior lawsuits against Defendants, it is barred by res judicata. This is true despite Plaintiff's attempt to repackage the same allegations into new legal theories. Reading Plaintiff's Complaint liberally, Defendants discern two theories of recovery that arguably were not raised in Plaintiff's prior lawsuits: benefits under the Family and Medical Leave Act and the workers' compensation system. These "new" counts are barred by res judicata for the same reasons that Plaintiff's other counts are barred. Further, even if res judicata does not apply to the FMLA- and workers' compensation-related counts, they are plagued by substantive defects which warrant dismissal under Federal Rule of Civil Procedure 12(b)(6).

### A. The Vast Majority of Plaintiff's Claims Have Been Specifically Raised and Dismissed in Prior Lawsuits.

Defendant will not waste the Court's time by reviewing each of Plaintiff's 30 counts in detail. Suffice it to say that the following counts are effectively identical to counts alleged in Plaintiff's two prior complaints and do not warrant extended discussion: Count 1 for violation of the Americans with Disabilities Act; Count 2 for age discrimination; Counts 4 through 6 for violations of the Fair Labor Standards Act; Counts 7 through 11 for violations of "civil rights"; Counts 14 through 16 for "constitutional tort" in connection with Plaintiff's alleged constructive termination, denial of disability benefits, and denial of health benefits; Counts 19, 20, and 23 for "breach of duty"; Counts 24 through 26 for fraud, coercion, duress, and negligence; Counts 27 and 28 for intentional and negligent infliction of emotional distress; and Counts 29 and 30 for tortious and negligent interference with Plaintiff's life and finances. (Complaint, ¶¶ 111-236.) Plaintiff is clearly barred from re-raising these counts, which have all been previously dismissed.

### B. Plaintiff's Claims Must Be Dismissed Because They Are Barred By Res Judicata.

Res judicata bars all grounds for recovery that could have been asserted in a prior

3

suit between the same parties which resulted in a judgment on the merits. *See A.V. Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). It is irrelevant whether the claims sought to be asserted in a subsequent suit actually were pursued in the prior suit. Rather, the inquiry is whether they *could* have been brought in the prior suit. *See U.S. v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). By forcing litigants to assert all possible legal theories in a single action in a timely manner, res judicata seeks to conserve judicial resources and ensure repose for parties who have already responded adequately to plaintiff's claims. *See Feminist Women's Health Center v. Codispoti*, 63 F.3d 863, 867-69 (9th Cir. 1995) (dismissing second lawsuit on res judicata grounds where party exercising reasonable diligence could have brought all legal theories in initial lawsuit).

Res judicata applies whenever two actions share (1) an identity of claims and (2) an identity (or privity) of parties, and where (3) a final judgment on the merits was rendered in the prior action. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (holding res judicata barred former employees from asserting claims arising out of their terminations against employer in a second action where initial action was dismissed with prejudice). Previously, Plaintiff sued Defendants in an action that was resolved against Plaintiff in a final judgment on the merits. (Request for Judicial Notice, Ex. C.) Therefore, two of the three criteria for the application of res judicata have been met. The remaining criterion involves establishing the identity of Plaintiff's present counts with the counts he asserted in the prior actions. As set forth below, this requirement is also easily met.

### 1. Plaintiff's Present and Prior Actions Assert Claims Which Are Identical For Res Judicata Purposes.

The central question in determining whether claims presented in successive actions are identical for res judicata purposes is whether the two actions arose out of the same "transactional nucleus of facts." *See Constantini*, 681 F.2d 1199, 1202 (9th Cir. 1982) (test for same transactional nucleus of facts is the "most important" to establish identity of claims for application of res judicata); *Owens*, 244 F.3d at 714 ("central criterion" in determining identity of claims is whether claims arose out of same transactional nucleus of facts). Here,

4

the claims asserted by Plaintiff in all three actions against Defendants arise out of Plaintiff's employment with and resignation from the Bank. Specifically, all three of Plaintiff's lawsuits have centered on his allegations that (1) he was required to perform job duties for which he lacked the relevant experience and for which the Bank did not provide the proper support, and (2) his resignation from the Bank on January 26, 2005 amounted to "wrongful termination" and set in motion a series of financial and personal consequences for Plaintiff for which Defendants bear responsibility. Try as he might to elaborate upon and repackage his allegations, Plaintiff cannot dispute that all three of his lawsuits arise from a single transactional nucleus of facts: his employment with the Bank and resignation therefrom. Indeed, Plaintiff admits this, stating in his Complaint, "the claims [set forth in the present Complaint] arise out of the same events and involve the same parties [as the complaint pending appeal]." (Complaint, ¶ 85.)

The Ninth Circuit examined a similar situation in *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001). In *Owens*, an employer relocated one of its facilities and terminated several African-American employees. The Ninth Circuit affirmed the dismissal of a second action by the former employees on res judicata grounds. *Id.* at 714. In so doing, the Court recognized that there was some difference in the nature of the claims presented in the two actions—the employees' first action alleged wrongful termination and state law claims premised on breach of contract, while the second action alleged harassment, discrimination, and retaliation. *Id.* at 713. Nevertheless, the Ninth Circuit determined that both actions were ultimately predicated on harms suffered because of discrimination based on the employees' race, and both arose from the circumstances of their terminations. *Id.* at 714. Therefore, despite the fact that the second action contained new legal theories, the Ninth Circuit dismissed it on the basis of res judicata because it alleged "grounds for recovery which could have been asserted" in the prior action. *Id.*

Here, Plaintiff's claims in all three actions arise out of factual circumstances similar to those in *Owens*: the experience of his employment and the loss of that employment. The only difference between the present action and Plaintiff's two prior lawsuits is that, just like

5

the plaintiffs in *Owens*, Plaintiff has repackaged the same allegations into new legal theories. In his first complaint, Plaintiff alleged that the Bank assigned him work that he was not qualified to perform. On this basis, he claimed violations of the U.S. PATRIOT Act and breach of fiduciary duty. (Request for Judicial Notice, Ex. A.) In the second complaint, these same allegations were offered to support causes of action for disability discrimination, age discrimination, violations of the Fair Labor Standards Act, and numerous others—all of which are repeated in the instant Complaint. (Request for Judicial Notice, Ex. E.) Similarly, in his first complaint, Plaintiff alleged that he was forced to resign and that the Bank unlawfully denied him various benefits and the opportunity to return to his job, thereby violating the Fair Labor Standards Act and Plaintiff's civil rights under 42 U.S.C. Section 1981. (Request for Judicial Notice, Ex. A.) In this action, Plaintiff repeats those counts and adds counts for denial of workers' compensation benefits and benefits under the Family and Medical Leave Act. Just as in *Owens*, Plaintiff's claims are <u>identical</u> for res judicata purposes. *See also Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337 (7th Cir. 1995) (res judicata barred action for age discrimination arising out of employee's termination where court had adjudicated prior action alleging breach of employment contract); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2nd Cir. 1992) (res judicata barred Title VII action where prior suit alleged employee's discharge violated collective bargaining agreement).[3] Thus, Plaintiff's Complaint in its entirety is barred by

---

[3] Accord, *Miller v. U.S. Postal Serv.*, 825 F.2d 62 (5th Cir. 1987) (res judicata barred later action for wrongful termination based on handicap discrimination where earlier action had alleged sex discrimination based on employee's removal from employment); *Booth v. Quantum Chemical Corp.*, 942 F. Supp. 580 (S.D. Ga. 1996) (employee precluded from asserting Title VII claims in later action where prior suit asserted contract and other state law claims); *Biermann v. U.S.*, 67 F. Supp. 2d 1057 (E.D. Mo. 1999) (plaintiff's earlier action asserting state law tort claims barred subsequent attempt to bring Federal Tort Claims Act action); *Myers v. Colgate Palmolive Co.*, 102 F. Supp. 2d 1208 (D. Kan. 2000) (rule against claim-splitting barred former employee from bringing ERISA claim in separate lawsuit where other action alleged violations of ADEA and Title VII); *Lundy v. Secretary of the Navy*, 1996 U.S. Dist. LEXIS 9549 (N.D. Cal. June 24, 1996) (employee's subsequent action for harassment, retaliation and discrimination was same 'cause of action' for res judicata purposes as first action for discriminatory termination and failure to promote).

res judicata and must be dismissed.

### 2. Both Actions Involve Substantially The Same Evidence And Alleged Infringement Of The Same Right.

The criterion addressed above—whether the actions arise from the same transactional nucleus of facts—is sufficient to establish the application of res judicata to Plaintiff's Complaint. *See U.S. v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) (dismissing action on res judicata grounds based only on transactional nucleus of facts test); *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (*Constanini* factors are "tools" rather than "requirements" and need not be invoked where two actions involve the same transactional nucleus of facts). However, Defendants will discuss the other *Constantini* factors and demonstrate that they mandate the same conclusion.

First, to support the present action, Plaintiff will rely upon substantially the same evidence presented and relied upon in the prior actions. *Constantini*, 681 F.3d at 1202-03. This includes evidence relating to Plaintiff's job duties and skills, Plaintiff's medical condition and Defendants' knowledge thereof, Plaintiff's resignation, and Defendants' actions following Plaintiff's resignation. For example, deposition testimony taken in Plaintiff's prior action will be at issue in the present action, just as it was in the first lawsuit. Second, all three of Plaintiff's lawsuits implicate the same rights: Plaintiff's right not to be required to perform unlawful or unreasonable job duties, his right to receive various employment benefits from the Bank, and his right to resume employment following his resignation. Thus, the *Constantini* factors provide further support for the conclusion that Plaintiff's Complaint is barred by res judicata.

### C. Any "New" Counts Alleged In Plaintiff's Complaint Are Also Barred By Res Judicata.

Plaintiff's Complaint alleges that "[t]he claims set forth…are different from the claims set forth in the complaint currently under appeal [C-05-5166-CW]" because "[t]his complaint…sets forth claims for injuries and damages to Plaintiff caused by Defendants in connection with his disability and mental breakdown." (Complaint, ¶ 85.) While it is true

7

that a liberal reading of Plaintiff's Complaint reveals two arguably new theories not previously raised by Plaintiff (Counts 3, 13, and 22 for benefits under the Family and Medical Leave Act and Counts 12 and 21 for workers' compensation benefits), Plaintiff "does not avoid the bar of res judicata merely because he now alleges conduct by [Defendants] not alleged in his prior suit, nor because he has pleaded a new legal theory." *Constantini*, 681 F.2d at 1201. As discussed above, the critical inquiry in the res judicata analysis is whether the claims arise from the same transactional nucleus of facts. Plaintiff's Complaint alleges for the first time that Defendants wrongfully terminated him by accepting his resignation instead of offering him a leave of absence under the FMLA. Similarly, Plaintiff now alleges that Defendants wrongfully denied him workers' compensation benefits in connection with his separation from employment. But these allegations arise solely from Plaintiff's employment and resignation—the same transactional nucleus of facts from which his two prior lawsuits arose. Thus, they too are barred by res judicata for the reasons explained above.

> **D. Even If Plaintiff's "New" Counts Are Not Barred By Res Judicata, They Must Be Dismissed.**
>
> **1. Plaintiff's FMLA-Related Claims Must Be Dismissed For Failure To State A Claim.**

Even if the doctrine of res judicata does not apply to Plaintiff's FMLA-related claims, they must be dismissed because of substantive deficiencies. Specifically, Plaintiff has failed to state a claim under the FMLA. The FMLA prohibits employers from interfering with rights under the Act. In order to state a claim for "interference," Plaintiff must allege that he had a qualifying health condition, requested FMLA leave, and would have taken such leave but for the alleged interference. *See, e.g., Bailey v. Southwest Gas Co.*, 275 F.3d 1181, 1186 (9th Cir. 2002) (plaintiff's FMLA interference claim failed where she admitted she "never sought to invoke her FMLA rights"). Plaintiff has made none of these required allegations, thus dooming his FMLA claims. "There can be no interference with [plaintiff's] FMLA rights when [he] has none." *Stewart v. Sears, Roebuck & Co.*,

8

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6);
CASE NO. C 07-3334 CW

2005 U.S. Dist. LEXIS 42371, *35 (D. Or. Mar. 7, 2005) (citing *Hoffman v. Professional Med Team*, 394 F.3d 414, 418 (6th Cir. 2005) ("[t]o prevail in a claim of interference under the FMLA, the employee must prove, among other elements, that she was entitled to leave under the FMLA.")). Plaintiff has failed to state even the most basic allegations supporting a claim under the FMLA—rather, he merely states in a conclusory fashion that "Defendants' actions in withholding and denying FMLA benefits to Plaintiff constitute a violation of the Act." (Complaint, ¶ 117. *See also* Complaint, ¶¶ 156, 192.) This is plainly insufficient to state a claim for interference under the FMLA.

### 2. Plaintiff's Workers' Compensation-Related Claims Must Be Dismissed For Failure To State A Claim.

Similarly, Plaintiff's workers' compensation-related counts must be dismissed whether or not they are barred by res judicata because this Court lacks jurisdiction over such counts. California law vests in the Workers' Compensation Appeals Board exclusive jurisdiction over any proceeding "[f]or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." Cal. Lab. Code § 5300. *See, e.g., Gomes v. Michaels Stores, Inc.*, 2006 U.S. Dist. LEXIS 86307 (E.D. Cal. Nov. 16, 2006) ("in adjudicating whether a claim falls within the workers' compensation system, all doubt should be resolved in favor of finding jurisdiction within the workers' compensation system" (quoting *Mitchell v. Scott Wetzel Servs., Inc.*, 227 Cal. App. 3d 1474, 1480 (1991)). Thus, Plaintiff's demand for workers' compensation benefits is subject to the exclusive jurisdiction of the Workers' Compensation Appeals Board and may not be heard by this Court.[4]

---

[4] Even if Plaintiff raised a claim for workers' compensation benefits with the Workers' Compensation Appeals Board, it would fail. First, Plaintiff failed to notify GBB of any injury within the time limits prescribed by California Labor Code Section 5400. Second, claimants are required to commence workers' compensation proceedings within one year following the date of the injury. Cal. Lab. Code § 5405. Plaintiff has not done so and, thus, his claim would fail in any event.

### E. The Court Should Issue An Order Prohibiting Plaintiff From Filing Additional Lawsuits Against Defendants.

Defendants respectfully request that the Court issue an order pursuant to Federal Rule of Civil Procedure 11 prohibiting Plaintiff from filing additional lawsuits against Defendants regarding his employment and resignation from employment. It is improper for Plaintiff to continue to file near-identical complaints in the hopes that the Court will change its mind. Doing so imposes undue costs and burdens on Defendants and this Court, and robs Defendants of the repose enjoyed by parties who have adequately responded to legal action. Plaintiff has appealed to the Ninth Circuit this Court's grant of summary judgment to Defendants on Plaintiff's first complaint. The appellate process provides ample opportunity for Plaintiff to seek appropriate redress, and he must be prohibited from continuing to vex and harass Defendants by bringing duplicative lawsuits.

## III. CONCLUSION

All of the 30 causes of action alleged by Plaintiff in the instant Complaint are barred by res judicata, as they arise from the same transactional nucleus of facts from which Plaintiff's two prior complaints arose. To the extent Plaintiff's Complaint repackages his factual allegations into new legal theories, these new causes of action are also barred on the basis of res judicata and, alternatively, are substantively defective. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted, and Defendants' Motion to Dismiss Plaintiff's Complaint in its entirety should be granted.

/./
/./
/./
/./
/./
/./
/./

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); CASE NO. C 07-3334 CW

| | |
|---|---|
| DATED: August 1, 2007 | Respectfully submitted, |
| | HELLER EHRMAN LLP |
| | By  /S/ Brooke D. Andrich |
| | PATRICIA K. GILLETTE |
| | GREG J. RICHARDSON |
| | BROOKE D. ANDRICH |
| | Attorneys for Defendants |
| | GREATER BAY BANK, GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, and ERIC LEE |

11

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); CASE NO. C 07-3334 CW