**EXHIBIT A**

1    Gerard Chang
     In Pro Per
2    586 Sanchez Street
     San Francisco, CA  94114
3    Tel.: 415-252-8318

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                     SAN FRANCISCO DIVISION

7

8    GERARD CHANG,                    )  Case No. **C 05 — 5166**
                                      )
9            Plaintiff,               )
                                      )
10                                    )  COMPLAINT FOR BREACH OF FIDUCIARY
     vs.                              )  DUTY, VIOLATION OF US PATRIOT ACT,
11                                    )  VIOLATION OF FAIR LABOR STANDARDS,
     GREATER BAY BANCORP,             )  VIOLATION OF CIVIL RIGHTS
12   CHERYL E. HOWELL,                )
     KRYSTYNA MARCINIAK,              )  DEMAND FOR JURY TRIAL
13   CATHLEEN COLGAN                  )
     ERIC LEE,                        )
14   and DOES 1 TO 50,                )
                                      )
15           Defendants.              )
                                      )
16   ─────────────────────────────────)

17

18   1.  **Jurisdiction**. This Court has jurisdiction over this complaint because it arises under the laws of the

19       United States of America.

20   2.  **Venue**. Venue is appropriate in this Court because all the defendants conduct business in this district

21       and reside in this district.

22   3.  **Intradistrict Assignment**. This lawsuit should be assigned to the San Francisco Division of this Court

23       because San Francisco is a renowned location for businesses providing the best financial and fiduciary

24       services in the United States of America.  The claims which give rise to this lawsuit are related to

25       Banking, Financial Services and Fiduciary Services, 12 USC Section 92a and sections of 18 USC

26

27       Section US PATRIOT Act, specifically directed at Banks and Financial Institutions.

28

4. Plaintiff was hired by Defendant Greater Bay Bancorp as a Vice President and Trust Officer of their Trust Company, Greater Bay Trust Company as of 4/16/2001.

5. Plaintiff's was offered a base salary of $85,000.00 plus 20% Bonus and Stock Options.

6. Plaintiff's professional experience is in the trust administration of employee benefits retirement plans. Greater Bay Bancorp hired Plaintiff to be the trust account administrator of their employee benefits plans and some individual retirement accounts.

7. Greater Bay Bancorp is a Super Community Bank with affiliate banks located throughout the Bay Area, operating under the Greater Bay Bancorp holding company umbrella, using their own names.

8. Greater Bay Trust Company, a division of Greater Bay Bancorp, provides the fiduciary and investment management services for all the affiliate banks' clients and other clients who do not necessarily maintain a banking relationship with any of the affiliate banks. There are 3 physical locations for Greater Bay Trust Company: 2 in Palo Alto and 1 in Santa Clara.

9. Greater Bay Trust Company has approximately $660 million in clients' assets under its custody.

10. Greater Bay Trust Company is not audited by an independent outside auditor. It is however, presumably subject to audits by the Office of the Comptroller of the Currency.

11. Cheryl E. Howell is an Executive Vice President of Greater Bay Bancorp and the head of the Greater Bay Trust Company.

12. Krystyna Marciniak is Vice President of Operations and Compliance Officer of the Greater Bay Trust Company.

13. Cathleen Colgan was Vice President and Senior Trust Officer responsible for the administration of Personal Trust accounts, Charitable and Non-Profit accounts at the Greater Bay Trust Company.

14. Eric Lee is a Trust Administrative assistant at the Greater Bay Trust Company. He reported to Cathleen Colgan and assisted both Cathleen Colgan and Gerard Chang.

15. In connection with 18 USC Section US PATRIOT Act, Greater Bay Bancorp and the Greater Bay Trust Company had to implement and comply with stringent procedures required by the Act.

16. Plaintiff resigned from his job with the Greater Bay Trust Company on 1/26/05 on grounds that he was being asked to perform acts that contravene Banking Regulations and US PATRIOT Act.

17. Defendant later refused Plaintiff claims for Unemployment Insurance benefits and also refused to pay Plaintiff's Bonus.

18. Plaintiff filed complaints with the California Unemployment Insurance Appeals Board and with the State of California Labor Commissioner. Both agencies have denied Plaintiff's rights. There are no remedies available to Plaintiff from either of these two agencies.

19. **First Count: Breach of Fiduciary Duty.** Defendant Cathleen Colgan failed to properly address and discipline egregious performance issues affecting fiduciary accounts with Defendant Cheryl Howell.

20. **Second Count: Breach of Fiduciary Duty.** Defendant Cheryl Howell failed to act in her capacity as head of the Trust Company in addressing performance issues.

21. **Third Count: Breach of Fiduciary Duty.** Defendant Cathleen Colgan resigned from her job which led to Cheryl Howell's assignment of personal trust accounts, charitable accounts and non-profit accounts to Plaintiff.

22. **Fourth Count: Breach of Fiduciary Duty.** Defendant Cheryl Howell failed to properly assign these accounts to other trust administrators in the Greater Bay Trust Company who have the relevant experience to administer such accounts in accordance with Banking regulations and US PATRIOT Act regulations.

23. **Fifth Count: Breach of Fiduciary Duty.** Defendant Cheryl Howell failed to provide any program or tools to transition those accounts to Plaintiff despite his complete lack of knowledge and lack of support from an experienced personal trust administrator.

24. **Sixth Count: Breach of Fiduciary Duty.** Defendant Cheryl Howell failed to address the situation by assigning the personal, charitable and non-profit accounts to an experienced personal trust administrator employed by the Greater Bay Trust Company.

25. **Seventh Count: Breach of Fiduciary Duty.** Defendant Cheryl Howell failed to address the performance issues involving defendant Eric Lee who was expected to support Plaintiff in the administration of the clients' accounts.

26. **Eighth Count: Breach of Fiduciary Duty.** Defendant Krystyna Marciniak failed to act in her capacity as Compliance Officer to prevent the lapse in regulations and sound business principles.

27. **Ninth Count: Violation of US PATRIOT Act.** Defendant Cheryl Howell assigned accounts to Plaintiff which he had no professional experience with and could not therefore, appropriately monitor for possible violations of the US PATRIOT Act.

28. **Tenth Count: Violation of US PATRIOT Act.** Defendant Cheryl Howell deliberately assigned accounts to Plaintiff despite the fact that she had other personal trust administrator to whom she could have assigned such accounts.

29. **Eleventh Count: Violation of Fair Labor Standards.** Defendants violated Plaintiff's rights by forcing him into a situation that he had no other choice to but to resign.

30. **Twelfth Count: Violation of Fair Labor Standards.** Defendants' failed to address the violations and offer Plaintiff his job back, performing duties with which he was professionally trained to handle.

31. **Thirteenth Count: Violation of Fair Labor Standards.** Defendants failure to act created a hostile work environment for the Plaintiff.

32. **Fourteenth Count: Violation of Civil Rights. 42 USC Section 1981.** Defendants acted in retaliatory manner when they denied Plaintiff's right to collect unemployment insurance benefits.

33. **Fifteenth Count: Violation of Civil Rights. 42 USC Section 1981.** Defendants acted in retaliatory manner when they denied Plaintiff's right to his bonus payment.

34. **Sixteenth Count: Violation of Civil Rights. 42 USC Section 1981.** Defendants purposely failed to correct the violations and offer Plaintiff his job back.

35. Plaintiff requests a Jury Trial.

1   36.  Wherefore, Plaintiff prays for:

2   37.  Order from the Court barring Greater Bay Bancorp from engaging in such actions that contravene laws

3        of the United States and as well as the public's best interest.

4   38.  Order from the Court mandating the reinstatement of Plaintiff's job with seniority and benefits and

5        within the scope of his experience.

6   39.  The Court order Greater Bay Bancorp to pay Plaintiff loss of wages sustained to date and bonus with

7        interest.

8   40.  The Court order Greater Bay Bancorp to pay Plaintiff punitive damages in the amount of $2,000,000.00

9        for their egregious actions.

10  41.  Cost of lawsuit.

11  42.  Such and other relief as the Court deems just and proper.

12  I declare under penalty of perjury that the foregoing is true and correct.

13  Dated: December 13, 2005

14

15

16  _____
                Gerard Chang, Plaintiff

**EXHIBIT B**



FILED

MAY 1 2 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GERARD CHANG,                                    No. C 05-5166 CW

        Plaintiff,

    v.                                           ORDER GRANTING
                                                 DEFENDANTS'
GREATER BAY BANCORP, CHERYL E.                   MOTION TO DISMISS
HOWELL, KRYSTYNA MARCINIAK, CATHLEEN
COLGAN, ERIC LEE, and DOES 1 TO 50,

        Defendants.

_____/

    Defendants Greater Bay Bancorp, Cheryl E. Howell, Krystyna
Marciniak, Cathleen Colgan and Eric Lee move to dismiss counts one
through ten of Plaintiff Gerard Chang's complaint against them.
Plaintiff, acting pro se, opposes the motion.  Having considered
all of the papers filed by the parties, the Court GRANTS
Defendants' motion.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1                            BACKGROUND

2        The following facts are taken from Plaintiff's complaint.  On

3   April 16, 2001, Plaintiff was hired by Defendant Greater Bay

4   Bancorp (GBB) as a Vice President and Trust Officer of its Trust

5   Company, Greater Bay Trust Company (GBTC).  Plaintiff was offered a

6   base salary of $85,000.00 plus a twenty percent bonus and stock

7   options.  Defendant GBB hired Plaintiff to be the trust account

8   administrator of its employee benefits plans and of some individual

9   retirement accounts.  Plaintiff's professional experience is in the

10  administration of employee benefit retirement plans.

11       In connection with 31 U.S.C. § 5318 (the Patriot Act), GBB and

12  GBTC had to implement and comply with certain stringent procedures.

13  When Defendant Cathleen Colgan, Vice President and Senior Trust

14  Officer responsible for the administration of Personal Trust

15  accounts, resigned from her job, Defendant Cheryl Howell, Executive

16  Vice President of GBB and head of GBTC, assigned Defendant Colgan's

17  trust accounts, charitable accounts and non-profit accounts to

18  Plaintiff.  Under Patriot Act regulations, Defendant Howell should

19  have transferred those accounts to people with relevant experience.

20  Plaintiff did not have the experience to administer such accounts,

21  and Defendant Howell failed to provide to Plaintiff any program or

22  tools to handle those accounts.  Defendant Eric Lee, Trust

23  Administrative Assistant at GBTC, failed to support Plaintiff in

24  the administration of client accounts as his job required.

25  Defendant Krystyna Marciniak, Vice President of Operations and

26  Compliance Officer of GBTC, failed to act in her capacity as

27  Compliance Officer to prevent this non-compliance with regulations

28                                2

and sound business principles.

On January 26, 2005, Plaintiff resigned from his job with GBTC on grounds that he was being asked to perform acts that contravene banking regulations and the Patriot Act.

Defendant GBB later refused Plaintiff's claims for unemployment insurance benefits, and also refused to pay Plaintiff's bonus.  Plaintiff filed complaints with the California Unemployment Insurance Appeals Board and the California Labor Commissioner.  Both agencies denied Plaintiff's claims.

Based on these allegations, Plaintiff asserts sixteen causes of action alleging breach of fiduciary duty, violation of the Patriot Act, violation of fair labor standards, and violation of civil rights.  The first eight counts claim that Defendants breached their fiduciary duty under 12 U.S.C. § 92(a), in their assignment of accounts to Plaintiff without properly training him to handle the accounts.  Counts nine and ten claim that Defendant Howell failed to comply with the Patriot Act by assigning Plaintiff to accounts he did not know how to manage.  Defendants have not moved to dismiss counts eleven through sixteen.

Plaintiff seeks an injunction barring GBB from engaging in actions that contravene the laws of the United States and the public interest, reinstatement to his position with seniority and benefits commensurate with his experience, lost wages, punitive damages, legal fees, and other relief the Court deems proper.

DISCUSSION

I.  Fiduciary Duty

Defendants argue that Plaintiff's first eight counts alleging

3

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

breach of fiduciary duty under 12 U.S.C. § 92(a) must be dismissed because there is no private right of action under that statute. Defendants also argue that Plaintiff is not owed a fiduciary duty as a trust officer of the bank, and that he lacks standing to sue on behalf of GBTC's trust account customers.

A.   Federal Law

Title 12 U.S.C. section 92(a) states, "Comptroller of the Currency shall be authorized and empowered to grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as a trustee."  The statute was designed primarily "to place national banks on an equal competitive basis with state banks and trust companies in the state where the national bank is situated." Blaney v. Florida Nat'l Bank at Orlando, 357 F.2d 27, 30 (5th Cir. 1966).

Title 12 U.S.C. § 92(a) creates no private right of action. In re Corestates Trust Fee Litigation, 39 F.3d 61, 66-69 (3d Cir. 1994); see also Blaney, 357 F.2d at 30 ("we feel justified in concluding that Congress intended regulatory controls [of 12 U.S.C. § 92(a)] to be exercised solely by the [government], without room or need for supplementary enforcement.").  Plaintiff argues that Defendants breached their fiduciary duty under 12 U.S.C. § 92(a) by failing to help him manage accounts for which he was not trained. However, Plaintiff does not have a private right of action under the statute in question.

Even if Plaintiff had a private right of action under 12 U.S.C. § 92(a), trust officers of banks are not owed a fiduciary

4

duty by their employer banks.  "No presumption of a [fiduciary duty
or similar special relationship] arises from the bare fact that
parties to a contract are employer and employee."  <u>Miller v.</u>
<u>Yokohama Tire Corp.</u>, 358 F.3d 616, 621 (9th Cir. 2004) (citing
<u>Odorizzi v. Bloomfield Sch. Dist.</u>, 246 Cal. App. 2d 123, 129
(1966).  Plaintiff does not provide any basis for a claim that
Defendants had a fiduciary duty to him.

B.  Standing to Sue on Behalf of Trust Beneficiaries

Plaintiff's claims for breach of fiduciary duty arise from
GBTC's handling of trust accounts.  In addition to the arguments
above, Defendants note that Plaintiff cannot bring a suit on behalf
of GBTC's customers.

Plaintiff has the burden of establishing that he has standing
to raise the claims asserted.  <u>Lujan v. Defenders of Wildlife</u>, 504
U.S. 555, 561 (1992).  Article III of the United States
Constitution limits the judicial power of federal courts to "Cases"
or "Controversies."  U.S. Const., art. III, § 2.  The Supreme Court
has developed a three-part test for standing.  The plaintiff must
show (1) actual or threatened injury (2) that is caused or
threatened to be caused by the defendant's illegal conduct and (3)
that is possible to be redressed by the relief sought.  <u>Lujan</u>, 504
U.S. at 560-61; <u>Schmier v. U.S. Court of Appeals for the Ninth</u>
<u>Circuit</u>, 279 F.3d 817 (9th Cir. 2002).

Only State governments and the beneficiaries of a trust may
use legal power to enforce the terms of the trust.  <u>Davis v. United</u>
<u>States</u>, 495 U.S. 472, 483 (1990).  A qualified beneficiary "would
have both the incentive and legal authority to ensure that donated

United States District Court

For the Northern District of California

5

**United States District Court**
For the Northern District of California

1  funds are properly used.  If the trust contributes funds to a range

2  of charitable organizations so that no single beneficiary could

3  enforce its terms, the trustee's duty can be enforced by the

4  Attorney General under the laws of most States."  Id.  Thus,

5  Plaintiff does not have standing to sue on behalf of the trust fund

6  beneficiaries.

7       For these reasons, the Court dismisses Plaintiff's claims one

8  through eight.  Because Plaintiff could not amend these claims to

9  establish a private right of action, a fiduciary duty, or standing,

10 the dismissal is with prejudice and without leave to amend.

11 II.  Patriot Act

12      Defendants argue that Plaintiff's causes of action for

13 violations of the Patriot Act must be dismissed because there is no

14 private right of action under the Patriot Act.

15      Defendants are correct that no private right of action exists

16 to enforce the Patriot Act.  Medical Supply Chain, Inc. v. US

17 Bancorp, NA, 2003 WL 21479192, *7 (D. Kan.); see also Holub v.

18 Knauf, 2005 WL 1269036 (E.D. Wis.) (Patriot Act is one of a class

19 of federal statutes that does not create a private cause of

20 action).

21      In Medical Supply Chain, 2003 WL 21479192 at *6, the plaintiff

22 claimed that the defendant, a bank holding corporation, violated

23 the Patriot Act by failing properly to train its employees on the

24 Patriot Act, and by failing to provide a compliance officer.  The

25 court held that no private right of action existed under the

26 Patriot Act.  Id. at *7.  Similarly, Plaintiff argues that

27 Defendants GBB and GBTC failed to implement and comply with the

28                                    6

1  stringent procedures required by the Patriot Act.  Further,

2  Plaintiff argues that Defendant GBTC asked him to perform acts that

3  contravene the Patriot Act.  Specifically, Plaintiff was assigned

4  accounts he was not trained to handle, and Defendants did not

5  provide him with the necessary training and support.  These claims

6  fail because the Patriot Act does not provide a private right of

7  action.  Thus, Defendants' motion to dismiss counts nine and ten is

8  granted, with prejudice and without leave to amend.

9                            CONCLUSION

10     For the foregoing reasons, the Court GRANTS Defendants' motion

11  to dismiss claims one through ten, with prejudice and without leave

12  to amend.  Plaintiff may pursue claims eleven through sixteen.

13     IT IS SO ORDERED.

14

15  Dated:          **MAY 1 2 2006**

16                                    CLAUDIA WILKEN
                                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                            7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHANG et al,

             Plaintiff,

   v.

GREATER BAY BANCORP et al,

             Defendant.

_____/

Case Number: CV05-05166 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 12, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerard Chang
586 Sanchez Street
San Francisco, CA 94114

Michelle A. Rojas
Heller Ehrman White & McAuliffe
333 Bush Street
San Francisco, CA 94104

Dated: May 12, 2006

                            Richard W. Wieking, Clerk
                            By: Sheilah Cahill, Deputy Clerk

**EXHIBIT C**

**FILED**

MAR 1 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD CHANG, | No. C 05-5166 CW |
|       Plaintiff, | |
|    v. | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, ERIC LEE, and DOES 1 TO 50, | |
|       Defendants. | |

_____/

Defendants Greater Bay Bancorp, Cheryl E. Howell, Krystyna Marciniak, Cathleen Colgan and Eric Lee move for summary judgment on counts eleven through sixteen of Plaintiff Gerard Chang's complaint against them.  Plaintiff, acting pro se, has filed a statement of non-opposition.  The matter will be submitted on the papers; the March 30 hearing is vacated.  Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion.

BACKGROUND

Plaintiff's suit arises out of his employment with Defendant Greater Bay Bancorp (GBB). Plaintiff's version of the facts giving rise to this suit are fully described in the Court's May 12, 2006 order dismissing claims one through ten of the complaint. Briefly, Plaintiff's claims relate to his resignation from employment with GBB. Plaintiff asserts that he was forced to resign because he did not have the experience to do some of the work assigned to him shortly before his resignation and Defendants did not properly train or support him to be able to complete that work. Defendants denied Plaintiff's subsequent application for unemployment insurance and attempt to collect a bonus disbursed after his resignation. Plaintiff filed claims with the California Unemployment Insurance Appeals Board and the California Labor Commissioner. Both agencies denied Plaintiff's claims.

Plaintiff filed this suit alleging sixteen causes of action. The Court dismissed the breach of fiduciary duty and Patriot Act claims in an earlier order. The remaining six causes of action allege violations of fair labor standards and Plaintiff's civil rights under 42 U.S.C. § 1981.

Defendants now move for summary judgment on the remaining causes of action.

LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is

2

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   clearly entitled to prevail as a matter of law.   Fed. R. Civ. P.

2   56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

3   Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

4   1987).

5                               DISCUSSION

6   I.   Fair Labor Standards Claims

7        Defendants argue that they are entitled to summary judgment on

8   Plaintiff's eleventh through thirteenth claims because they are

9   based on a hostile work environment and Plaintiff has not provided

10  any evidence of such an environment.   Further, such claims are not

11  appropriately raised under the Fair Labor Standards Act, which

12  governs wage and hour law.[1]   See 29 U.S.C. § 201 et seq.   The Court

13  grants Defendants' motion for summary judgment on these claims.

14  II.   Civil Rights Claims

15       Defendants argue that Plaintiff's fourteenth through sixteenth

16  claims fail as a matter of law because Plaintiff has not alleged

17  any intentional discrimination on the basis of his race or national

18  origin.   "To establish a claim under § 1981 the plaintiff must

19  prove that he or she was subjected to intentional discrimination

20  ─────────────────

21       [1]It is not clear from the complaint under which law Plaintiff
    brings his fair labor standards claims.   However, Plaintiff states
22  that his complaint "arises under the laws of the United States of
    America."   Complaint ¶ 1.   Further, Plaintiff is barred from
23  bringing claims under anti-discrimination statutes because he has
    not exhausted his administrative remedies.   Before bringing an
24  employment discrimination action under Title VII, an employee must
    first exhaust administrative remedies by filing a complaint with
25  the Equal Employment Opportunity Commission (EEOC).   42 U.S.C.
    § 2000e-5; Brown v. General Servs. Admin., 425 U.S. 820, 832-33
26  (1976); Stache v. Int'l Union of Bricklayers and Allied Craftsman,
    AFL-CIO, 852 F.2d 1231, 1233 (9th Cir. 1988).   Therefore, the Court
27  assumes that Plaintiff intended to bring his claims under the Fair
    Labor Standards Act.

28                               3

based upon his or her race."  <u>Pavo v. Swift Tranp. Co.</u>, 192 F.3d
902, 908 (9th Cir. 1999).  At his deposition, Plaintiff admitted
that he did not leave his position because of mistreatment on the
basis of his race.  The Court grants Defendants' motion for summary
judgment on these claims.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion
for summary judgment.  Judgment shall enter accordingly.  All
parties shall bear their own costs.  The Clerk shall close the
case.

IT IS SO ORDERED.

Dated:    **MAR 1 ⬤ 2007**

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


CHANG et al,

          Plaintiff,

   v.

GREATER BAY BANCORP et al,

          Defendant.

_____/

Case Number: CV05-05166 CW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 19, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Gerard  Chang
1247 Vincente Street
San Francisco,  CA 94116

Michelle A. Rojas
Patricia Kruse Gillette
Heller Ehrman LLP
333 Bush Street
San Francisco,  CA 94104-2878

Dated: March 19, 2007

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk

Michelle A. Rojas
Patricia Kruse Gillette
Heller Ehrman  LLP
333 Bush Street
San Francisco,  CA 94104-2878


CV05-05166 CW

**EXHIBIT D**

Gerard Chang
In Pro Per
1247 Vicente Street
San Francisco, CA 94116
Tel.: (415) 812-5808

ORIGINAL
FILED

APR 13 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD CHANG,<br><br>    Plaintiff,<br><br>    vs.<br><br>GREATER BAY BANCORP, CHERYL<br>E. HOWELL, KRYSTYNA MARCINIAK,<br>CATHLEEN COLGAN, ERIC LEE, and<br>DOES 1 TO 50,<br><br>    Defendants. | Case No. C 05-5166 CW<br><br>**APPEAL OF DISMISSAL OF CASE** |

1. Plaintiff appeals Judge Claudia Wilken's decision to dismiss the case entered into the record on 3/19/07.

2. Plaintiff made a demand for a Jury Trial in his complaint, as per federal procedure.

3. Plaintiff did not waive his constitutional right to a Jury Trial.

4. Judge Wilken's decision is tantamount to obstruction of justice. She is not a Jury.

5. Judge Wilken's decision represents a gross abuse of judiciary discretion and violates Plaintiff's rights to a trial by Jury.

6. Plaintiff demands a Jury Trial and requests that the court allow the case to proceed to trial.

Dated: April 12, 2007

_____
Gerard Chang, Plaintiff

- 1 -

# **PROOF OF SERVICE**

At the time of service, I was over 18 years of age, my address being 1247 Vicente Street, San Francisco, CA 94116.

On April 12, 2007 I served true and correct copies of the attached document for Case Number 05-5166 CW by United States Postal Service first-class delivery:

**1) Appeal to Case Dismissal**

The individuals served are as follows:

Greater Bay Bancorp et al., Defendants
c/o Patricia K. Gillette, Esq.
Heller Ehrman Attorneys LLP
333 Bush Street
San Francisco, CA  94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 12, 2007

_____
Gerard Chang

1

**EXHIBIT E**

Gerard Chang
In Pro Per
1247 Vicente Street
San Francisco, CA  94116
Tel.: (415) 812-5808

# UNITED STATES DISTRIC COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

GERARD CHANG,

    Plaintiff,

        vs.

GREATER BAY BANK, GREATER BAY
BANCORP, CHERYL E. HOWELL,
KRYSTYNA MARCINIAK, CATHLEEN
COLGAN, ERIC LEE, and DOES 1 to 50,

Defendants.

CASE NO.:

C 07  2437

**COMPLAINT FOR WRONGFUL
TERMINATION, CONSTITUTIONAL
TORT, VIOLATION OF FAIR
LABOR STANDARDS, FAMILY AND
MEDICAL LEAVE ACT, FRAUD,
EXTORTION, NEGLIGENCE,
INFLICTION OF EMOTIONAL
STRESS**

**DEMAND FOR JURY TRIAL**

1. **Jurisdiction.** This Court has jurisdiction over this complaint because it arises out of the laws of the United States of America.

2. **Venue.** Venue is appropriate in this Court because all the defendants conduct business and reside in this district.

3. **Intradistrict Assignment.** Plaintiff moves that the Court assign this complaint to the San Francisco Division for the following reasons:

    (a)  Greater Bay Bank et al. conduct business here in San Francisco;

(b) the lawyers for Greater Bay et al. are located here in San Francisco;

(c) Plaintiff would face financial hardship if required to travel to a Court outside of San Francisco;

(d) Plaintiff believes the Oakland and San Jose divisions will not be fair and impartial; and

(e) Plaintiff believes the San Francisco Division to have subject matter jurisdiction for this complaint.

Therefore, it is in the best interest of justice that this complaint be assigned to the San Francisco division.

## FACTS AND ALLEGATIONS:

4.  Plaintiff was hired by Defendant Greater Bay Bank as a Vice President and Trust Officer of their Trust Company, Greater Bay Trust Company as of April 16, 2001.

5.  Plaintiff was offered a base salary of $85,000.00 plus 20% Bonus and Stock Options.

6.  Plaintiff's terms of total compensation and earnings set forth in his offer letter of employment from Defendants Greater Bay Bank et al. were illegally changed by Defendants via surreptitious means and through a document referred to as an employee handbook or manual.

7.  Plaintiff's professional experience is in the trust administration of employee benefits retirement plans. Greater Bay Bank hired Plaintiff to be a trust account administrator of employee benefits plans and some individual retirement accounts.

8.  Greater Bay Bank is a Super Community Bank with affiliate banks located throughout the Bay Area, operating under the Greater Bay Bank holding company umbrella, using their own names.

9. Greater Bay Trust Company, a division of Greater Bay Bank, provides the fiduciary and investment management services for all the affiliate banks' clients and other clients who do not necessarily maintain a banking relationship with any of the affiliate banks. As of January 26, 2005 there were 3 physical locations for Greater Bay Trust Company: 2 in Palo Alto and 1 in Santa Clara.

10. Greater Bay Trust Company had approximately $660 million in clients' assets under its custody as of January 26, 2005.

11. Greater Bay Trust Company was not, as of January 26, 2005, audited by an independent outside auditor. It was however, presumably subject to audits by the Office of the Comptroller of the Currency.

12. Cheryl E. Howell was an Executive Vice President of Greater Bay Bank and head of the Greater Bay Trust Company as of January 26, 2005.

13. Krystyna Marciniak was Vice President of Operations and Compliance Officer of the Greater Bay Trust Company as of January 26, 2005.

14. Cathleen Colgan was Vice President and Senior Trust Officer responsible for the administration of Personal Trust Accounts, Charitable and Non-Profit accounts at the Greater Bay Trust Company as of January 26, 2005.

15. Eric Lee was a Trust Administrative Assistant at the Greater Bay Trust Company as of January 26, 2005. He reported to Cathleen Colgan and assisted both Cathleen Colgan and Gerard Chang.

16. Greater Bay Bank and its affiliates are regulated by and required to comply with federal and state laws including but not limited to:

(a) 18 USC Section USA PATRIOT Act;

COMPLAINT
Gerard Chang v. Greater Bay Bank et al.                                    Page 3 of 24

(b) 12 USC Section 92a;

(c) American with Disabilities Act;

(d) Anti-Age Discrimination Act;

(e) Fair Labor Standards;

(f) Civil Rights; and

(g) Family and Medical Leave Act.

17. Defendant Cathleen Colgan resigned from her job, without a transition plan for her personal trust accounts, which led to Cheryl Howell's willful and negligent assignment of personal trust accounts, charitable accounts and non-profit accounts to Plaintiff.

18. Plaintiff was assigned a large number of Personal Trust Accounts, Charitable and Non-Profit account who are ordinarily handled by a personal trust administrator. A personal trust administrator typically has several years of relevant work experience with a law degree preferred. Plaintiff has neither the relevant work experience nor a law degree.

19. Prior to her resignation, defendant Cathleen Colgan failed to properly address performance issues of Eric Lee, which affected fiduciary accounts, with Defendant Cheryl Howell.

20. Defendant Cheryl Howell act negligently in her capacity as head of the Trust Company by failing to address and taking appropriate action to remedy said performance issues.

21. Defendant Cheryl Howell willfully and negligently failed to assign these types of accounts to other trust administrators in the Greater Bay Trust Company who possessed the relevant work and education experience to administer such accounts in accordance with Banking Regulations, USA PATRIOT Act regulations and other federal laws.

22. Defendant Cheryl Howell willfully and negligently did not provide any program or tools to transition those accounts to Plaintiff despite his complete lack of knowledge and lack of support from an experienced personal trust administrator.

23. Defendant Cheryl Howell willfully and negligently failed to assign the personal, charitable and non-profit accounts to the other experienced personal trust administrators working for the Greater Bay Trust Company.

24. Defendant Cheryl Howell willfully and negligently did not take action as the manager of the Trust Company, to resolve the performance issues involving defendant Eric Lee.

25. Defendant Krystyna Marciniak willfully and negligently did not act in her capacity as Compliance Officer to prevent the lapse in regulations and sound business principles that arose out of assigning personal trust accounts, charitable accounts and non-profit accounts to Plaintiff.

26. Defendant Cheryl Howell willfully and negligently assigned personal trust accounts, charitable accounts and non-profit accounts to Plaintiff, which he was unqualified to handle, and could not therefore, appropriately monitor for possible violations of banking and other federal laws.

27. Defendant Cheryl Howell willfully and negligently assigned personal trust accounts, charitable accounts and non-profit accounts to Plaintiff despite the fact that there were other personal trust administrators with the relevant work experience and education, to whom she could have assigned such accounts.

28. Defendants willfully and negligently violated Plaintiff's rights by failing to make the necessary changes to allow Plaintiff to continue to perform the job and duties for which he has the requisite professional work experience.

29. Defendants willfully, negligently and consciously created a hostile work environment for the Plaintiff.

30. Plaintiff resigned from his job with the Greater Bay Trust Company on January 26, 2005 on grounds that he could not perform work that he was unqualified to do.

31. Defendants later refused Plaintiff's claims for Unemployment Insurance benefits and also refused to pay Plaintiff's bonus and stock options for the year 2004.

32. Plaintiff filed complaints with the California Unemployment Insurance Appeals Board and with the State of California Labor Commissioner. Both agencies denied Plaintiff's rights and remedies.

33. Defendants wrongfully acted in retaliatory manner when they denied Plaintiff's right to collect unemployment insurance benefits.

34. Defendants acted wrongfully, illegally and in a retaliatory manner when they robbed Plaintiff of his bonus payment and stock options, as per the agreed upon terms of his compensation.

35. Defendants willfully, consciously and wrongfully did not take any action to allow Plaintiff to return to work. These acts were carried out with malice and intention to harm Plaintiff.

36. Plaintiff filed a complaint in the US District Court San Francisco Division on December 13, 2005, Case No. CV 05-5166 CW. Said complaint was subsequently transferred to Judge Claudia Wilken in the Oakland division of the Court.

37. The claims of that complaint are not the same as the claims in this complaint.

38. Judge Claudia Wilken dismissed the case sometime in March 2007.

39. Plaintiff filed an appeal in the US Court of Appeals 9th Circuit, docket No.: 07-15641.

COMPLAINT
Gerard Chang v. Greater Bay Bank et al.

40. During the course of the litigation for Case No. CV-05-5166-CW, Plaintiff was informed by his doctor George H. Collyer that he has Bipolar Disorder on or about December 11, 2006.

41. Plaintiff communicated this fact to Heller Ehrman Attorneys LLP, attorneys for Defendants Greater Bay Bank et al.

42. On May 1, 2007 Plaintiff filed a discrimination charge under the American with Disabilities Act with the Equal Employment Opportunity Commission.

43. On May 4, 2007 at approximately 4:20 p.m. an EEOC representative by the name of Jasmin, Telephone (415) 625-5697, called Plaintiff and informed him that the discrimination charge he filed with the EEOC was untimely and no action would be taken by the EEOC.

44. Plaintiff made a courtesy call to Heller Ehrman Attorneys to inform them of his intention to file a discrimination charge with the EEOC as well as pursuing his rights in federal court. He spoke with Ms. Sarah Armstrong, attorney at Heller Ehrman Attorneys who works with Ms. Patricia K. Gillette, lead counsel for the Defendants. Ms. Armstrong informed Plaintiff that Heller Ehrman Attorneys LLP would seek to have Plaintiff's complaint dismissed based on the lack of timeliness.

45. However, Plaintiff's complaint cannot be dismissed by the Court without proper and just consideration in view of the following facts:

(a) Defendants Greater Bay Bank et al. had knowledge of Plaintiff's mental breakdown and mental disability;

(b) Plaintiff was not informed by his doctor, George H. Collyer, that he had been Diagnosed with Bipolar Disorder until on or about December 11, 2006;

    (c)  Plaintiff notified Heller Ehrman Attorneys LLP of that fact and that he had a lawsuit

against the City and County of San Francisco et al. in the California Superior Court,

San Francisco County, Case No.: 05-444715;

    (d)  Plaintiff has been suffering all this time from the severe mental breakdown and ensuing

willful, negligent, malicious, and callous tortious actions by the Defendants with the

intention to further injure Plaintiff; and

    (e)  Plaintiff has been informed by the Equal Employment Opportunity Commission that

The time limits to file a discrimination charge under the American with Disabilities

Act is 300 days under federal law and one year under state law. Plaintiff has not

exceeded either time limit counting from on or about December 11, 2006.

46. Therefore, Plaintiff's complaint cannot be dismissed by the Court without it giving due

legal consideration to these facts and circumstances.

47. Furthermore, the only place where Plaintiff can seek justice and remedies owed to him

under the laws is in this Court and through the filing of this complaint.

48. Plaintiff has a right under the law to seek justice and remedies in the US District Court.

49. Plaintiff also wants to ensure that any time limit or any other statute of limitation is stopped

immediately via the filing of this complaint, so that he is not denied justice due to an

administrative error and not on the basis of law.

50. That Plaintiff suffered a mental breakdown as a result of the hostile and inappropriate

working conditions willfully, negligently and maliciously created by Greater Bay Bank et al

has become a known fact to Plaintiff now.

51. Thus, suffering from a mental breakdown, Plaintiff, resigned his job on January 26, 2005.

52. Defendants Greater Bay Bank et al. were notified by Plaintiff's family that he had apparently suffered a mental breakdown and that they would attempt to seek medical attention for him.

53. On February 2, 2005, Plaintiff was involuntarily taken to San Francisco General Hospital where he was held, against his will, for two days.

54. Plaintiff suffered, because of his mental state, horrific treatment by the City and County of San Francisco's agencies.

55. Although the City and County of San Francisco et al. may have had Plaintiff's welfare at heart, they unfortunately made the psychological state of the Plaintiff far worse.

56. Plaintiff, in a far worse mental state, filed a complaint against the City and County of San Francisco et al. in the California Superior Court, Case No. 05-444715.

57. In the course of these events, Greater Bay Bank et al. acted wrongfully, negligently, maliciously and with the intention to harm Plaintiff by terminating Plaintiff's employment.

58. The acts of Defendants Greater Bay Bank et al. were wrongful, willful, conscious, and with the malicious intention to further injure Plaintiff because Defendants had been informed of Plaintiff's mental breakdown.

59. Defendants Greater Bay Bank et al. were also quite aware of the unusual circumstances reported by them, and supported by other Greater Bay Trust Company employees, in which Plaintiff presumably resigned, that any reasonable person would consider to be due to a mental breakdown.

60. Plaintiff, on the other hand, did not truly grasp the reality of this fact until on or about December 11, 2006 when he was informed of it by his doctor George H. Collyer.

COMPLAINT
Gerard Chang v. Greater Bay Bank et al.                                                          Page 9 of 24

61. Plaintiff should have received immediate and proper assistance, treatment and any and all help from Greater Bay Bank et al. They wrongfully and maliciously failed in their duties owed to Plaintiff.

62. Defendants Greater Bay Bank et al. willful, vicious, malicious, and callous actions and inactions further injured Plaintiff who has endured unimaginable emotional pain and suffering.

63. Defendants Greater Bay Bank et al. willful, vicious, malicious, and callous actions and inactions further injured Plaintiff who has suffered great financial losses arising out of such actions and inactions.

64. The lawyers for Greater Bay Bank et al., Heller Ehrman Attorneys LLP, defended their clients on other counts brought against them by Plaintiff, stating that the Defendants are not culpable of any wrongdoing against Plaintiff.

65. Said other counts were set forth in complaint CV 05-5166 CW currently under appeal due to violation of Plaintiff's constitutional rights and federal laws as well as gross abuse of judiciary discretion.

66. Plaintiff, suffering from the mental breakdown and further injuries caused by the Defendants Greater Bay Bank et al, filed or had to respond to the following complaints in the California Superior Court of San Francisco:

(a) Gerard Chang vs. Michael J. Lynch and Than Tran Case No.: CUD-05-614414

(b) Cross-complaint from Michael J. Lynch and Than Tran of Case No.: CUD-05-614414 allowed by Judge Peter J. Busch.

(c) Mark Buhler and his wife Anne Marie Despain vs. Gerard Chang and William Chang Case No.: CUD-07-462294

(d) William Chang vs. Gerard Chang Case No.: CUD-05-615866

(e) William Chang vs. Gerard Chang Case No.: CGC-05-443288

(f) Gerard Chang vs. City and County of San Francisco et al. Case No.:CGC-05-444715

(g) Gerard Chang vs. Goldstein, Gellman, Melbostad, Gibson & Harris LLP, Case No.: CGC-06-448410

67. Michael J. Lynch and Than Tran, former tenants of Plaintiff's, claiming wrongful eviction, successfully and despicably extorted money from Plaintiff's home insurance secured from Encompass Insurance.

68. Mark Buhler and his wife Anne Marie Despain, also former tenants of Plaintiff's, and just as despicable and dishonest as Michael J. Lynch and Than Tran, will likely succeed in extorting money from Plaintiff's home insurance, secured from Encompass Insurance as they are also using the same unethical lawyer who represented Michael J. Lynch and Than Tran: Andrew E. Westley, State Bar No. 171940. ·

69. William Chang's attorneys, Zacks Utrecht and Leadbetter PC, who directed Plaintiff's former tenants to breach their lease agreements with Plaintiff, have been successful at obtaining two money judgments against Plaintiff.

70. One money judgment was ordered by Judge Ronald E. Quidachay, in Case No.: CUD-05-614414 .

71. The other money judgment was ordered by Judge Thomas J. Mellon Jr., in Case No.: CGC-05-443288.

72. These two money judgments also include daily interest charges being levied against Plaintiff's assets.

73. The staggering amount of interest charges included with the money judgments will eat up Plaintiff's entire equity in his home fairly quickly and causing his financial ruin.

74. Adding insult to injury, Plaintiff was evicted from his home by order of Judge Ronald E. Quidachay despite the facts and circumstances specific to Plaintiff's situation.

75. In the process of the shameful eviction of Plaintiff, Plaintiff lost all of his life belongings and personal effects.

76. As a result of all of the foregoing, Plaintiff has suffered all kinds of damages according to proof.

## CAUSES OF ACTION:

**77. First Count: Violation of Americans with Disability Act: Wrongful Termination.** Defendants' actions toward Plaintiff constitute a wrongful termination in violation of the Americans with Disabilities Act.

78. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

79. Defendants committed the acts maliciously, fraudulently, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

**80. Second Count: Violation of Anti-Age Discrimination Law: Wrongful Termination.** Defendants' actions toward Plaintiff constitute a wrongful termination in violation of the Anti-Age Discrimination Law.

81. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

82. Defendants committed the acts maliciously, fraudulently, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

83. **Third Count: Violation of Fair Labor Standards Act: Unfair Labor Practices.**
Defendants' demands of Plaintiff, to perform work he was unqualified to do, constitute unfair labor practices in violation of the Fair Labor Standards Act.

84. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

85. Defendants Greater Bay Bank et al. committed the acts willfully, wrongfully and oppressively and acted with great imprudence and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a willful, cold, and callous manner which caused injury to Plaintiff, Plaintiff is entitled to punitive damages.

86. **Fourth Count: Violation of Fair Labor Standards Act: Unfair Labor Practices.**
Defendants' actions toward Plaintiff, which created a hostile work environment, constitute unfair labor practices in violation of the Fair Labor Standards Act.

87. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

88. Defendants Greater Bay Bank et al. committed the acts willfully, wrongfully and oppressively and acted with great imprudence and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a willful, cold, and callous manner which caused injury to Plaintiff, Plaintiff is entitled to punitive damages.

**89. Fifth Count: Violation of Fair Labor Standards Act: Non-Payment of Earnings.** Defendants' actions toward Plaintiff, with regard to his compensation and total earnings, constitute a violation of Fair Labor Standards.

90. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

91. The bonus and stock options are an integral part of Plaintiff's total compensation and earnings set forth to him by Defendants Greater Bay Bank et al. in their offer letter of employment.

92. Defendants committed the acts maliciously, fraudulently, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

**93. Sixth Count: Violation of Civil Rights: Wrongful Termination.** Defendants' actions toward Plaintiff, arising out of his mental breakdown, constitute wrongful termination in violation of his civil rights.

94. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

95. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Plaintiff with medical leave to take care of his illness;

   (b) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

   (c) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

   (d) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

96. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, plaintiff is entitled to damages.

97. **Seventh Count: Violation of Civil Rights: Disability Benefits.** Defendants' actions in withholding and denying disability benefits to Plaintiff constitute a violation of Plaintiff's civil rights.

98. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

99. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

   (a) duty to provide Plaintiff with disability benefits to take care of his illness;

(b) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(c) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(d) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

100. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, plaintiff is entitled to damages.

101. **Eighth Count: Violation of Civil Rights: Health Benefits.** Defendants' actions in withholding and denying health benefits to Plaintiff constitute a violation of Plaintiff's civil rights.

102. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

103. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(a) duty to provide Plaintiff with disability benefits to take care of his illness;

(b) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(c) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(d) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

104. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, plaintiff is entitled to damages.

105. **Ninth Count: Violation of Civil Rights: Discriminatory Treatment.** Defendants' actions toward Plaintiff, arising out of his mental breakdown, constitute a violation of Plaintiff's civil rights.

106. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

107. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

    (a) duty to provide Plaintiff with disability and health benefits to take care of his illness;

    (b) duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

    (c) duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

    (d) duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

108. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, plaintiff is entitled to damages.

109. **Tenth Count: Violation of Civil Rights: Constructive Termination.** Defendants' actions toward Plaintiff constitute a violation of civil rights.

110. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

111. The Defendants' demand for Plaintiff to perform work he is unqualified to do, were imprudent, negligent, coercive, and with the wrongful intention of injuring Plaintiff. Defendants Greater Bay Bank et al. forced Plaintiff into an untenable position which caused his mental breakdown.

112. Defendants committed the acts maliciously, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

**113. Eleventh Count: Violation of Civil Rights: Constructive Termination.**  Defendants' actions toward Plaintiff constitute a violation of civil rights.

114. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

115. The Defendants' demand for Plaintiff to perform work he is unqualified to do, was imprudent, negligent, coercive, and with the wrongful intention of injuring Plaintiff.  This demand by Defendants Greater Bay Bank et al. created a hostile work environment which caused Plaintiff's mental breakdown.

116. Defendants committed the acts maliciously, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were

carried out by the Defendants Greater Bay Bank et al. acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

117. **Twelfth Count: Fraud.**  Defendants' actions to change Plaintiff's total compensation and earnings constitute fraud.

118. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

119. Defendants' Greater Bay Bank et al. acted in an illegal and fraudulent manner when they changed the terms of Plaintiff's total compensation and earnings set forth in his offer letter of employment from Defendants.

120. Defendants committed the acts maliciously, fraudulently, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

121. **Thirteenth Count: Extortion, Coercion and Duress.**  Defendants' actions to change Plaintiff's total compensation and earnings constitute fraud, coercion and use of duress.

122. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

123. Defendants' Greater Bay Bank et al. acted in an illegal and fraudulent manner when they used bait-and-switch tactics and coercive and duress maneuvers to change Plaintiff's total compensation and earnings set forth in his offer letter of employment from Defendants.

124. Defendants committed the acts maliciously, fraudulently, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts were taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

125. **Fourteenth Count: Negligence.** Defendants' actions toward Plaintiff constitute Negligence.

126. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

127. By virtue of the special employer-employee relationship created by federal and state laws between Plaintiff and Defendants Greater Bay Bank et al., the Defendants owed certain duties to Plaintiff, including but not limited to the following:

(e)  duty to provide Plaintiff with medical leave to take care of his illness;

(f)  duty to take appropriate action to protect Plaintiff's job with seniority and benefits;

(g)  duty to comply with all applicable statutes, laws, codes, and regulations governing Plaintiff's rights as an employee; and

(h)  duty to refrain from acts, omissions, conduct, and/or communications which wrongfully endeavored to cause, or actually caused, injuries and damages to Plaintiff.

128. Because the Defendants, by their acts and omissions described above, negligently disregarded the rights of Plaintiff, and thereby breached duties owed to him, plaintiff is entitled to damages.

**129. Fifteenth Count: Intentional Infliction of Emotional Distress.**

130. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

131. Defendants Greater Bay Bank et al. intentionally engaged in the extreme and outrageous acts described above to cause Plaintiff severe emotional distress; alternatively, Defendants acted with reckless disregard of the probability that their acts would cause Plaintiff severe emotional distress.

132. Defendants committed the acts maliciously, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to punitive damages.

**133. Sixteenth Count: Negligent Infliction of Emotional Distress.**

134. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

135. At all times mentioned herein, Defendants Greater Bay Bank et al. had a duty to exercise due care toward Plaintiff, and to refrain from carelessly, negligently, and arbitrarily inflicting emotional distress upon him.

136. Defendants Greater Bay Bank et al. breached the aforesaid duty of care by wrongfully terminating Plaintiff's employment which caused Plaintiff severe emotional distress. Defendants Greater Bay Bank et al. knew, or should have known, that their failure to

exercise due care with regard to the aforementioned conduct would cause Plaintiff severe emotional distress.

137. As a direct and proximate result of the negligent conduct by the Defendants Greater Bay Bank et al., Plaintiff has suffered severe emotional distress with which under the same circumstances a reasonable person would be unable to cope.

**138. Seventeenth Count: Tortious Interference with Plaintiff's Life and Finances.**

139. The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

140. Defendants Greater Bay Bank et al. intentionally engaged in the extreme and outrageous acts described above to cause Plaintiff severe emotional distress; alternatively, Defendants acted with reckless disregard of the probability that their acts would cause Plaintiff severe emotional distress.

141. Defendants Greater Bay Bank et al., through these acts, made Plaintiff's mental condition worse. The acts described above severely disrupted Plaintiff's life, bringing forth litigation with his former tenants, his former lawyers, family, and the City and County of San Francisco, which has resulted in present and future monetary losses for Plaintiff that will lead to his financial ruin.

142. Plaintiff stands, as of now, to lose his home and is currently displaced from his home.

143. Defendants committed the acts maliciously, oppressively and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by the Defendants Greater Bay Bank et al. acting in a despicable, deliberate,

cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to damages.

**144.  Eighteenth Count: Negligent Interference with Plaintiff's Life and Finances.**

145.  The allegations of all paragraphs of the within Complaint are realleged and incorporated herein by reference.

145.  At all times mentioned herein, Defendants Greater Bay Bank et al. had a duty to exercise due care toward Plaintiff, and to refrain from carelessly, negligently, and arbitrarily inflicting emotional distress upon him.

147.  Defendants Greater Bay Bank et al., through these acts, breached the aforesaid duty of care and made Plaintiff's mental condition worse.  The acts described above severely disrupted Plaintiff's life, bringing forth litigation with his former tenants, his former lawyers, family, and the City and County of San Francisco, which has resulted in present and future monetary losses for Plaintiff that will lead to his financial ruin.

148.  Plaintiff stands, as of now, to lose his home and is currently displaced from his home.

149.  As a direct and proximate result of the negligent conduct by the Defendants Greater Bay Bank et al., Plaintiff has suffered severe emotional distress and present and future financial losses with which, under the same circumstances, a reasonable person would be unable to cope.

150.  Plaintiff demands a Jury Trial

**WHERFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. Reinstatement of Plaintiff's job with seniority and benefits and within the scope of his work experience and skills;

2. Payment of Plaintiff's loss of compensation, including bonus and stock options, sustained to date with interest;

3. For compensatory damages and such other damages according to proof;

4. For money damages as permitted under the laws;

5. For general damages for emotional distress and mental anguish according to proof;

6. For Punitive damages in the amount of $10,000,000.00;

4. For costs of suit;

5. For interest, including prejudgment interest at the legal rate on all counts; and

5. For such and other relief as the Court deems just and proper.


I declare under penalty of perjury that the foregoing is true and correct.


Dated: 5/7/07

_Jibary_
_____
Gerard Chang, Plaintiff


COMPLAINT
Gerard Chang v. Greater Bay Bank et al.

Page 24 of 24

**EXHIBIT F**

**United States District Court**
**For the Northern District of California**

1

2

3            IN THE UNITED STATES DISTRICT COURT

4           FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   GERARD CHANG,                              No.  C 07-2437 CW

7                Plaintiff,                     ORDER DENYING APPLICATION
                                               TO PROCEED IN FORMA
8      v.                                      PAUPERIS AND DISMISSING
                                               COMPLAINT
9   GREATER BAY BANK, GREATER BAY
    BANCORP, CHERYL E. HOWELL, KRYSTYNA
10  MARCINIAK, CATHLEEN COLGAN, ERIC
    LEE and DOES 1 to 50,
11
12                Defendants.
    _____/
13

14

15      Plaintiff Gerard Chang requests leave to proceed in forma

16  pauperis (IFP) pursuant to 28 U.S.C. § 1915(a).  The Ninth Circuit

17  has indicated that leave to proceed IFP pursuant to 28 U.S.C.

18  § 1915(a) is properly granted only when the plaintiff has

19  demonstrated poverty and has presented a claim that is not

20  factually or legally frivolous within the definition of

21  § 1915(e)(2)(B).[1]  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.

22

23      [1]Section 1915(e)(2)(B) states:

24          . . . the court shall dismiss the case at any time if the
            court determines that--
25
            (B) the action or appeal--
26          (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be
27          granted; or
            (iii) seeks monetary relief against a defendant
28          who is immune from such relief.

United States District Court
For the Northern District of California

1  1990); <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370

2  (9th Cir. 1987).  Thus, the court "may deny leave to proceed <u>in</u>

3  <u>forma pauperis</u> at the outset if it appears from the face of the

4  proposed complaint that the action is frivolous or without merit."

5  <u>Id.</u> (quoting <u>Reece v. Washington</u>, 310 F.2d 139, 140 (9th Cir.

6  1962); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir.), <u>cert. denied</u>,

7  382 U.S. 896 (1965)).  An <u>in forma pauperis</u> complaint is frivolous

8  if it has "no arguable basis in fact or law."  <u>O'Loughlin</u>, 920 F.2d

9  at 617; <u>Tripati</u>, 821 F.2d at 1379; <u>Franklin v. Murphy</u>, 745 F.2d

10  1221, 1228 (9th Cir. 1984).

11      The Supreme Court holds that dismissal prior to service under

12  28 U.S.C. § 1915(e)(2)(B) is appropriate where no legal interest is

13  implicated, <u>i.e.</u>, the claim is premised on a meritless legal

14  theory, or clearly lacking any factual basis.  <u>Neitzke v. Williams</u>,

15  490 U.S. 319, 324 (1989).  Section 1915(e)(2)(B) accords judges the

16  unusual power to pierce the veil of the complaint's factual

17  allegations and dismiss those claims whose factual contentions are

18  clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

19  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal

20  on the merits, but rather an exercise of the court's discretion

21  under the <u>in forma pauperis</u> statute, the dismissal does not

22  prejudice the filing of a paid complaint making the same

23  allegations.  <u>Id.</u>

24      In his complaint, Plaintiff alleges the following.  As of

25  April 16, 2001, Plaintiff was hired by Defendant Greater Bay Bank

26  (GBB) as a Vice President and Trust Officer of its trust company,

27  Greater Bay Trust Company (GBTC).  Plaintiff was offered a base

28                                2

United States District Court
For the Northern District of California

1   salary of $85,000.00 plus a twenty percent bonus and stock options.

2   Plaintiff's previous experience is in the administration of

3   employee benefits retirement plans.  GBB hired Plaintiff to be a

4   trust account administrator of employee benefits plans and some

5   individual retirement accounts.  All the named individual

6   Defendants are employees of GBB and GBTC.

7        Defendant Cheryl E. Howell, an Executive Vice President and

8   Compliance Officer of GBTC, assigned to Plaintiff a large number of

9   personal trust accounts, and charitable and non-profit accounts.

10  These types of accounts are ordinarily handled by a personal trust

11  administrator who typically has several years of relevant work

12  experience and often has a law degree.  Plaintiff did not have the

13  relevant work experience nor a law degree when he was assigned

14  these accounts.

15       On January 26, 2005, Plaintiff resigned from his job on the

16  ground that he could not perform work that he was unqualified to

17  do.  Defendants wrongfully retaliated against Plaintiff by denying

18  him the right to collect unemployment insurance benefits.

19  Defendants also "robbed" Plaintiff of his bonus payment and stock

20  options to which he was entitled.  Defendants wrongfully did not

21  take any action to allow Plaintiff to return to work.

22       On December 13, 2005, Plaintiff filed a federal complaint

23  titled Chang v. Greater Bancorp, Howell, Marciniak, Colman, Lee and

24  Does 1 to 50, Case No. C 05-5166 CW (2005 complaint).  On May 12,

25  2006, the Court entered an order dismissing many of the causes of

26  action in the First Complaint.  On March 19, 2007, the Court

27  entered an order granting summary judgment to Defendants on the

28                                    3

1  remaining causes of action and judgment was entered against

2  Plaintiff.  On April 13, 2007, Plaintiff filed a notice of appeal.

3  This appeal is still pending in the Ninth Circuit.  On May 10,

4  2007, Plaintiff moved to relate the two cases and, on May 17, 2007,

5  the Court entered an order relating them.

6      In December, 2006, during the pendency of the appeal of the

7  judgment on the 2005 complaint, Plaintiff's doctor diagnosed him

8  with bipolar disorder.  Plaintiff communicated this fact to

9  Defendants' attorneys.  On May 1, 2007, Plaintiff filed a

10 discrimination charge under the Americans with Disabilities Act

11 (ADA) with the Equal Employment Opportunity Commission (EEOC).  The

12 EEOC informed Plaintiff that the charge was untimely and that it

13 would take no action on it.  Plaintiff informed Defendants'

14 attorneys that he intended to file a discrimination action in

15 federal court.  Defendants' attorneys told Plaintiff that they

16 would seek to have his complaint dismissed based on untimeliness.

17 Plaintiff alleges that this claim cannot be dismissed because

18 Defendants had knowledge of Plaintiff's mental breakdown and mental

19 disability and Plaintiff suffered the mental breakdown as a result

20 of the hostile working conditions willfully created by Defendants.

21     Plaintiff was a plaintiff or defendant in several state court

22 cases involving individuals who are not parties to this lawsuit.

23 Two state court judgments have been entered against Plaintiff.

24     Based on these allegations, Plaintiff asserts the following

25 causes of action:  (1) violation of the ADA for wrongful

26 termination; (2) age discrimination based on wrongful termination;

27 (3) violation of the Fair Labor Standards Act because Defendants

28                                4

United States District Court
For the Northern District of California

1   demanded that Plaintiff perform work he was unqualified to do;

2   (4) violation of the Fair Labor Standards Act based on the hostile

3   work environment created by Defendants; (5) violation of the Fair

4   Labor Standards Act based on non-payment of earnings; (6) violation

5   of civil rights based on wrongful termination; (7) violation of

6   civil rights based on Defendants' wrongfully withholding disability

7   benefits from Plaintiff; (8) violation of civil rights based upon

8   Defendants' denying health benefits to Plaintiff; (9) violation of

9   civil rights based upon Defendants' actions toward Plaintiff

10  arising out of his mental breakdown; (10) violation of civil rights

11  based upon constructive termination; (11) violation of civil rights

12  based upon constructive termination[2]; (12) fraud; (13) extortion,

13  coercion and duress; (14) negligence; (15) intentional infliction

14  of emotional distress; (16) negligent infliction of emotional

15  distress; (17) tortious interference with Plaintiff's life and

16  finances; and (18) negligent interference with Plaintiff's life and

17  finances.  Based upon these causes of action Plaintiff requests

18  compensatory damages based on his loss of compensation, general

19  damages for emotional distress and mental anguish and punitive

20  damages in the amount of $10,000,000.

21      In its order granting Defendants' motion to dismiss in the

22  2005 case, the Court summarized Plaintiff's allegations as follows:

23      On April 16, 2001, Plaintiff was hired by Defendant
        Greater Bay Bancorp (GBB) as a Vice President and Trust
24      Officer of its Trust Company, Greater Bay Trust Company
        (GBTC).  Plaintiff was offered a base salary of
25      $85,000.00 plus a twenty percent bonus and stock options.

26  _____

27      [2]The eleventh cause of action appears to be a duplicate of the
    tenth cause of action.

28                                    5

**United States District Court**
For the Northern District of California

1
2
3

Defendant GBB hired Plaintiff to be the trust account administrator of its employee benefits plans and of some individual retirement accounts. Plaintiff's professional experience is in the administration of employee benefit retirement plans.

4
5
6
7
8
9
10
11
12
13
14

In connection with 31 U.S.C. § 5318 (the Patriot Act), GBB and GBTC had to implement and comply with certain stringent procedures. When Defendant Cathleen Colgan, Vice President and Senior Trust Officer responsible for the administration of Personal Trust accounts, resigned from her job, Defendant Cheryl Howell, Executive Vice President of GBB and head of GBTC, assigned Defendant Colgan's trust accounts, charitable accounts and non-profit accounts to Plaintiff. Under Patriot Act regulations, Defendant Howell should have transferred those accounts to people with relevant experience. Plaintiff did not have the experience to administer such accounts, and Defendant Howell failed to provide to Plaintiff any program or tools to handle those accounts. Defendant Eric Lee, Trust Administrative Assistant at GBTC, failed to support Plaintiff in the administration of client accounts as his job required. Defendant Krystyna Marciniak, Vice President of Operations and Compliance Officer of GBTC, failed to act in her capacity as Compliance Officer to prevent this non-compliance with regulations and sound business principles.

15
16
17
18
19

On January 26, 2005, Plaintiff resigned from his job with GBTC on grounds that he was being asked to perform acts that contravene banking regulations and the Patriot Act. Defendant GBB later refused Plaintiff's claims for unemployment insurance benefits, and also refused to pay Plaintiff's bonus. Plaintiff filed complaints with the California Unemployment Insurance Appeals Board and the California Labor Commissioner. Both agencies denied Plaintiff's claims.

20
21
22
23
24
25

Based on these allegations, Plaintiff asserts sixteen causes of action alleging breach of fiduciary duty, violation of the Patriot Act, violation of fair labor standards, and violation of civil rights. The first eight counts claim that Defendants breached their fiduciary duty under 12 U.S.C. § 92(a), in their assignment of accounts to Plaintiff without properly training him to handle the accounts. Counts nine and ten claim that Defendant Howell failed to comply with the Patriot Act by assigning Plaintiff to accounts he did not know how to manage . . .

26
27

Plaintiff seeks an injunction barring GBB from engaging in actions that contravene the laws of the United States and the public interest, reinstatement to his position

28

6

United States District Court
For the Northern District of California

1     with seniority and benefits commensurate with his
2     experience, lost wages, punitive damages, legal fees, and
    other relief the Court deems proper.

3 Order Granting Motion to Dismiss in First Complaint (Doc. # 31).

4     Therefore, except for the allegation that Plaintiff suffered

5 from bipolar disorder, the 2005 complaint and the instant complaint

6 contain the same allegations against the same Defendants.

7                               DISCUSSION

8 I. Doctrine of Res Judicata

9     A. Legal Standard

10     Res judicata, or claim preclusion, prohibits the re-litigation

11 of any claims that were raised or could have been raised in a prior

12 action.  Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189,

13 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v.

14 Moitie, 452 U.S. 394, 398 (1981)).  The purpose of the doctrine is

15 to "relieve parties of the cost and vexation of multiple law suits,

16 conserve judicial resources, and, by preventing inconsistent

17 decisions, encourage reliance on adjudication." Marin v. HEW,

18 Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985)

19 (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Res judicata

20 operates where there is "1) an identity of claims, 2) a final

21 judgment on the merits, and 3) identity or privity between

22 parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tongue

23 Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)).

24 The federal rule on the preclusive effect of a judgment from which

25 an appeal has been taken is that the pendency of an appeal does not

26 suspend the effect of a final judgment for res judicata purposes.

27 Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985),

28                           7

United States District Court
For the Northern District of California

1    superseded on other grounds, 880 F.2d 149 (9th Cir. 1989).

2         Two claims or causes of action are the same, for purposes of

3    the first prong of the res judicata test, if they arise from the

4    same transaction or series of transactions.  Two events are part of

5    the same transaction or series of transactions where the claims

6    share a factual foundation such that they could have been tried

7    together.  Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.

8    1992).  "Different theories supporting the same claim for relief

9    must be brought in the initial action."  Id.  Likewise, all

10   evidence pertinent to a particular claim must be raised in the

11   initial action because "when a court of competent jurisdiction has

12   entered a final judgment on the merits of a cause of action, the

13   parties to the suit and their privies are thereafter bound not only

14   as to every matter which was offered and received to sustain or

15   defeat the claim or demand, but as to any other admissible matter

16   which might have been offered for that purpose."  Commissioner of

17   Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) (internal

18   quotation marks omitted).

19        B. Application

20        A review of the allegations in the 2005 complaint and the

21   instant complaint reveals that, except for the allegations that

22   Plaintiff suffers from a bipolar disorder, the two complaints have

23   identical allegations against Defendants.

24        Here, the first two prongs for the application of res judicata

25   are easily met because there was a judgment on the merits in the

26   2005 complaint and the parties are the same in both actions.

27   Plaintiff argues that the causes of action in the two complaints

28                                      8

1   are different.  However, the causes of action in both complaints

2   arise from the same transactions or series of transactions.  As

3   stated above, two events are part of the same transaction or series

4   of transactions where the claims share a factual foundation such

5   that they could have been tried together.  Therefore, all

6   Plaintiff's causes of action are dismissed based upon the

7   application of the doctrine of <u>res judicata</u>.  This is true of the

8   disability claims based on Plaintiff's bi-polar disorder even

9   though Plaintiff alleges that he was not aware of his mental

10  disorder until December, 2006 and he allegedly did not know about

11  it when he filed his complaint.  Plaintiff alleges that Defendants

12  knew about his mental disorder when he resigned and that, in

13  February, 2005, he was involuntarily placed in a hospital for two

14  days.  Because the 2005 complaint was filed in December, 2005,

15  after he was hospitalized, Plaintiff should have known, just as he

16  alleges Defendants did, that he was suffering from a mental

17  disorder.

18      Even if the doctrine of <u>res judicata</u> did not apply to

19  Plaintiff's claims based on mental disability, they are deficient

20  for additional reasons, discussed below.

21  II. Claims Based Upon Bi-Polar Disorder

22      In the instant complaint, Plaintiff alleges that he was not

23  diagnosed with bipolar disorder until December 11, 2006 (Comp. at

24  ¶ 40) but that Defendants knew that Plaintiff resigned on January

25  26, 2005 due to a mental breakdown because he resigned due to

26  unusual circumstances "that any reasonable person would consider to

27  be due to a mental breakdown." (Comp. at ¶ 59).  Plaintiff brings

28                                  9

two claims premised on the theory that Defendants discriminated against him on the basis of his bipolar disorder:  the first cause of action based upon wrongful termination in violation of the ADA and the sixth cause of action based upon wrongful termination in violation of Plaintiff's civil rights.

A. ADA Claim

Title I of the ADA prohibits a "covered entity" from discriminating against a "qualified individual with a disability" on the basis of that individual's disability.  42 U.S.C. § 12112(a).  To establish that an employment termination constituted discrimination under Title I, a plaintiff must prove that (1) he or she is disabled; (2) he or she is qualified to perform the essential functions of the job, either with or without accommodation; and (3) he or she was terminated because of his or her disability.  <u>Snead v. Metro. Prop. & Cas. Ins. Co.</u>, 237 F.3d 1080, 1095-96 (9th Cir. 2001).

Plaintiff's allegations giving rise to his ADA claim based on his termination has several deficiencies.  First, Plaintiff alleges that he was not diagnosed with a mental illness until almost two years after his resignation.  Yet, he alleges that Defendants knew he had a mental illness.  He does not explain how Defendants could have known of his diagnosis many months before his own doctor diagnosed him.  If Defendants did not know of Plaintiff's mental illness, they could not have terminated him or taken any other adverse employment action against Plaintiff because of his disability.

Second, Plaintiff alleges that, although he filed a disability

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  discrimination charge with the EEOC, this agency took no action on

2  the charge because it was untimely filed.  To bring a claim under

3  Title I of the ADA, a plaintiff must exhaust administrative

4  remedies by filing a formal complaint with the EEOC and filing suit

5  within ninety days of receipt of a right-to-sue letter.  Santa

6  Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000).

7  Substantial compliance with this requirement is a jurisdictional

8  prerequisite.  Sommatino v. United States, 255 F.3d 704, 708 (9th

9  Cir. 2001).  Therefore, it does not appear that this claim is

10  exhausted and thus, this Court does not have jurisdiction over it.

11      Furthermore, under the ADA, there is a 180-day period for an

12  aggrieved party to file a charge with the EEOC.  42 U.S.C.

13  § 12117.[3]  Because Plaintiff resigned on January 26, 2005 and filed

14  his ADA charge with the EEOC on May 1, 2007, his charge was

15  untimely.  However, because this filing period is treated as a

16  statute of limitations, the same defenses that are available to a

17  statute of limitation violation, including equitable tolling, are

18  available when the claimant fails to file a timely charge with the

19  EEOC.  Santa Maria, 202 F.3d at 1176. "[E]quitable tolling focuses

20  on the plaintiff's excusable ignorance of the limitations period

21  and on lack of prejudice to the defendant."  Id.  Plaintiff's

22  complaint is deficient because he has not alleged any facts which

23  would support equitable tolling of his ADA claim.

24      This claim is dismissed with leave to amend for Plaintiff to

25

26      [3]If the complainant initially institutes proceedings with a
state or local agency, the EEOC charge must be filed within 300
27  days.  Santa Maria, 202 F.3d at 1176.

28                                    11

United States District Court
For the Northern District of California

1    correct the noted deficiencies, including the application of <u>res</u>

2    <u>judicata</u>, if he truthfully can do so.

3        B. Civil Rights Claim Based on Disability Discrimination

4        Plaintiff generally alleges that his civil rights have been

5    violated by Defendants' discrimination against him based on his

6    disability; he does not specify which constitutional right or

7    rights has been violated.  Plaintiff must bring a claim for any

8    constitutional violation under 42 U.S.C. § 1983.

9        Title 42 U.S.C. § 1983 "provides a cause of action for the

10   'deprivation of any rights, privileges, or immunities secured by

11   the Constitution and laws' of the United States."  <u>Wilder v.</u>

12   <u>Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (<u>quoting</u> 42 U.S.C.

13   § 1983).  Section 1983 is not itself a source of substantive

14   rights, but merely provides a method for vindicating federal rights

15   elsewhere conferred.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94

16   (1989).  To state a claim under section 1983, a plaintiff must

17   allege two essential elements: (1) that a right secured by the

18   Constitution or laws of the United States was violated and (2) that

19   the alleged violation was committed by a person acting under the

20   color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988);

21   <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

22       Because it appears from the complaint that all Defendants are

23   private actors who did not commit the alleged wrongful acts under

24   color of state law, Plaintiff may not bring against these

25   Defendants any claim that they violated his constitutional rights.

26   Plaintiff also does not specify which of his civil rights have been

27   violated by which Defendant.  In order to put Defendants on notice

28                                  12

United States District Court
For the Northern District of California

1  of the causes of action against them, he must specify this

2  information.  Therefore, Plaintiff's claim for violation of his

3  civil rights based upon his disability must be dismissed for these

4  reasons as well.  If Plaintiff can add truthful allegations that

5  remedy these deficiencies, including the application of <u>res</u>

6  <u>judicata</u>, he has leave to amend this cause of action.

7  III. Application to Proceed IFP

8      Plaintiff's application to proceed IFP is deficient.  On his

9  application, he indicates he is not employed and that he has no

10 income.  He also indicates that he owns a home with an estimated

11 market value of over $1,000,000 and which has a monthly mortgage of

12 $4,459.78.  He has assets of one bank account with a balance of

13 $2,200 and stocks with a value of $400.  His monthly expenses are

14 $700 for rent and $250 for food.  He has two money judgments

15 against him in the amounts of $119,874 and $40,831.

16     Plaintiff does not adequately explain how he can pay his

17 mortgage and monthly expenses if he is not employed and has no

18 other source of income.  Furthermore, Plaintiff does not provide

19 adequate reasons for not being able to pay the filing fee when he

20 has assets in the form of equity in his home and cash in his bank

21 account.

22     Therefore, Plaintiff's application to proceed <u>in forma</u>

23 <u>pauperis</u> is DENIED.  If Plaintiff wishes to file an amended

24 complaint, he must pay the full filing fee.

25                          CONCLUSION

26     For the reasons noted above, Plaintiff's causes of action are

27 dismissed on the ground of <u>res judicata</u>.  Plaintiff's two causes of

28                              13

1 action based on his disability are dismissed for other reasons as

2 well.  If Plaintiff chooses to file an amended complaint, he must

3 do so within thirty days of the date of this order.  If Plaintiff

4 does not file an amended complaint within this time period, his

5 complaint will be dismissed for failure to prosecute.  If Plaintiff

6 files an amended complaint, he must pay the full filing fee.

7

8      IT IS SO ORDERED.

9

10

11 Dated: 6/7/07

CLAUDIA WILKEN
12                                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

2

3

CHANG et al,

4                                              Case Number: CV07-02437 CW

          Plaintiff,

5                                              **CERTIFICATE OF SERVICE**

     v.

6

GREATER BAY BANK et al,

7

          Defendant.

8  _____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court,
Northern District of California.

11  That on June 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies)
in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in

12  the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's
office.

13

14

15  Gerard  Chang
1247 Vicente Street

16  San Francisco, CA 94116

17  Dated: June 7, 2007

                                        Richard W. Wieking, Clerk

18                                      By: Sheilah Cahill, Deputy Clerk

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California