Gerard Chang
In Pro Per
1247 Vicente Street
San Francisco, CA 94116
Tel.: (415) 812-5808

FILED
2007 AUG -6 AM 10: 41
CLERK
NORTHERN DISTRICT COURT
CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GERARD CHANG, <br><br> Plaintiff, <br><br> v. <br><br> GREATER BAY BANK, GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, ERIC LEE, and DOES 1 to 50, <br><br> Defendants. <br> _____ / | CASE NO.: C-07-3334 CW <br><br> STATEMENT OF OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT <br><br> Judge: Hon. Claudia Wilken <br> Location: Courtroom 2, 4th Floor <br> Date: September 6, 2007 <br> Time: 2:00 p.m. |

TO JUDGE CLAUDIA WILKEN AND ALL PARTIES AND THEIR ATTORNIES OF RECORD:

Plaintiff Gerard Chang opposes Defendants' motion to dismiss Plaintiff's complaint. Thus far, the court has improperly relied upon *hearsay* information from the Defendants who are asking the court, once again, to repeat that error. In addition, Defendants ask that the court rely upon its prior opinions and dismissal of Plaintiff's complaints which were rendered entirely in reliance of said hearsay information. The accused Defendants' word cannot be given greater credibility than that of the word of Plaintiff, who has set forth claims in his complaint, in plain English as per federal procedure. Plaintiff reiterates for the record that he is not a member of the BAR Association, nor does he have any legal training or trial experience. Furthermore, Plaintiff has made numerous

---

attempts to obtain legal representation, via the BAR Association, legal referral outfits, and contact with his lawyers representing him in other litigation, but to no avail.

Defendants' claim that Plaintiff's complaint fails to state a claim is preposterous and pure nonsense. Plaintiff's claims include but are not limited to:

(a) Wrongful Termination: Plaintiff was terminated upon the onset of a severe mental breakdown (meltdown) brought on by the acts of the Defendants. In so doing, Plaintiff was left with no source of income which continues to this day, and with no medical care or treatment. Fortunately, the City and County of San Francisco is now providing Plaintiff with medical care and limited general assistance for which it expects to be reimbursed by Plaintiff.

(b) Defendants did not make available to Plaintiff, benefits such as short-term disability, long-term disability, sick leave, workers compensation, and family and medical leave to name some of such benefits mandated by law.

(c) Defendants also refused to pay unemployment insurance benefits and robbed Plaintiff of his earned bonus for the year 2004.

(d) Defendants violated Plaintiff's civil rights when they singled him out to treat him in the discriminatory manner in which they did through their actions and inactions.

(e) The City and County of San Francisco's agencies acted to protect Plaintiff's health and welfare. Defendants did not act other than to end Plaintiff's employment.

Plaintiff has a right to Equal Protection under the Constitution of the United States of America. This right extends to allowing Plaintiff access to trial by jury, which he has *demanded* in his complaints. All of the disputed facts require submission to a jury for proper legal decision; Plaintiff has not asked for a judge of the court to act in lieu of a jury. Consequently, Defendants' motion is improper and violates federal procedure.

The court's improper reliance upon Defendants' hearsay information has grossly prejudiced Plaintiff and any and all such court's opinions and acts must be blocked from getting to the jury so as to not cause further prejudice to Plaintiff. The fact of the matter is that there are many disputed facts in this case. Defendants say and

claim one thing, whereas Plaintiff says and claims another thing. A judge of the court cannot make a determination of these facts for the benefit of one party over the other; this is within the purview of a jury. Therefore, all facts and circumstances must be presented to a jury and the Defendants must be prepared to convince the jury that they acted prudently and without improper motive amounting to malice and intent to injure Plaintiff.

Plaintiff is aware that, due to his mental illness, he may have used very strong language in his pleadings to the court. However, he makes no apologies whatsoever given the fact that he has suffered and continues to suffer injuries and emotional pain, all due to the Defendants' actions and inactions. Plaintiff also draws attention to the fact that he has proposed putting forth a reasonable settlement offer to Defendants' counsel, which seems to have fallen on deaf ears. Nevertheless, Plaintiff is prepared to present reasonable settlement terms in the joint case management statement to be submitted to the court in the course of the proceedings.

Plaintiff requests that Defendants' motion be denied and moves the court to order Defendants' to engage in serious and meaningful settlement talks, unlike the ones in which they engaged with Plaintiff in the first complaint filed with the court.

Dated: 8/6/07

_____
Gerard Chang, Plaintiff

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age, my address being 1247 Vicente Street, San Francisco, CA 94116.

I certify that as of the date signed below, a copy of the document(s) listed below and any attachments was/were served, either in person or by mail, on the persons listed below.

1. **Statement of Opposition to Defendants' Notice of Motion and Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint**

The individuals served are as follows:

Patricia K. Gillette, Esq.
Attorney for Defendants Greater Bay Bank et al.
Heller Ehrman Attorneys LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/6/07

Gerard Chang

CERTIFICATE OF SERVICE
Gerard Chang v. Greater Bay Bank et al. Case No. C 07-3334 CW                                      Page 1 of 1