PATRICIA K. GILLETTE (No. 74461)
GREG J. RICHARDSON (No. 203788)
BROOKE D. ANDRICH (No. 238836)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Email: patricia.gillette@hellerehrman.com
Email: greg.richardson@hellerehrman.com
Email: brooke.andrich@hellerehrman.com

Attorneys for Defendants
GREATER BAY BANK, GREATER BAY BANCORP,
CHERYL E. HOWELL, KRYSTYNA MARCINIAK,
CATHLEEN COLGAN, and ERIC LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GERARD CHANG,<br><br>                        Plaintiff,<br><br>   v.<br><br>GREATER BAY BANK, GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, ERIC LEE, and DOES 1 TO 50,<br><br>                        Defendants. | Case No.: C 07-3334 CW<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Judge:     Hon. Claudia Wilken<br>Location:  Courtroom 2, 4th Floor<br>Date:      September 6, 2007<br>Time:      2:00 p.m. |

## I. INTRODUCTION

Plaintiff Gerard Chang's opposition to Defendants' Greater Bay Bank, Greater Bay Bancorp, Cheryl Howell, Krystyna Marciniak, Cathleen Colgan, and Eric Lee's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) fails to address, let alone competently oppose, the substantive basis of Defendants' motion. He offers no reason why the principle of res judicata should not apply here to bar his suit. Nor can he. The law is clear: Plaintiff is barred from bringing claims premised on the same transactional nucleus of facts as his prior lawsuits against Defendants. Thus, Plaintiff's Complaint in its entirety is incurably defective and should be dismissed without leave to amend.

## II. ARGUMENT

Though Plaintiff purports to oppose Defendants' motion to dismiss his Complaint, in his *Statement of Opposition to Defendants' Notice of Motion and Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint* ("Obj. to Motion"), Plaintiff fails to put forth any argument – much less any legal authority – to rebut the basis for Defendants' motion: that his claims are barred by res judicata because they arise from the same transactional nucleus of facts as his prior lawsuits against Defendants. Instead, Plaintiff merely restates his claims and insists that "all facts and circumstances must be presented to a jury." (Obj. to Motion, 3:3.) Without more, however, Plaintiff cannot possibly hope to refute the principle of law that his claims are barred and must be dismissed because they have been previously raised by Plaintiff and adjudicated by this Court. If Plaintiff believes that this Court erred in dismissing Plaintiff's prior lawsuits against Defendants, the proper avenue of recourse is appeal to the Ninth Circuit Court of Appeals— an option Plaintiff is already availing himself of—not the incessant filing of repetitive lawsuits against Defendants.

Defendants will not burden the Court with further argument here. Suffice it to say, as set forth in Defendants' opening papers, that all of the 30 causes of action alleged by

1

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); CASE NO. C 07-3334 CW

Plaintiff in the instant Complaint are barred by res judicata, as they arise from the same transactional nucleus of facts from which Plaintiff's two prior complaints arose. To the extent Plaintiff's Complaint repackages his factual allegations into new legal theories, these new causes of action are also barred on the basis of res judicata and, alternatively, are substantively defective. As a result, Plaintiff's Complaint is incurably defective in its entirety and should be dismissed without leave to amend.

### III. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint without leave to amend.

DATED: August 23, 2007            Respectfully submitted,

HELLER EHRMAN LLP


By        /S/ Brooke D. Andrich
PATRICIA K. GILLETTE
GREG J. RICHARDSON
BROOKE D. ANDRICH
Attorneys for Defendants
GREATER BAY BANK, GREATER BAY BANCORP, CHERYL E. HOWELL, KRYSTYNA MARCINIAK, CATHLEEN COLGAN, and ERIC LEE