United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
GERARD CHANG,                          No.  C 07-3334 CW

            Plaintiff,                 ORDER GRANTING
                                       DEFENDANTS' MOTION TO
   v.                                  DISMISS

GREATER BAY BANK, GREATER BAY
BANCORP, CHERYL E. HOWELL, KRYSTYNA
MARCINIAK, CATHLEEN COLGAN, ERIC
LEE and DOES 1 to 50,

            Defendants.
_____/
```

Defendants Greater Bay Bank, Greater Bay Bancorp, Cheryl Howell, Krystyna Marciniak, Cathleen Colgan and Eric Lee have filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pro se Plaintiff Gerard Chang opposes the motion. Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion.

BACKGROUND

In his complaint, Plaintiff alleges the following. As of April 16, 2001, Plaintiff was hired by Defendant Greater Bay Bank (GBB) as a Vice President and Trust Officer of its trust company, Greater Bay Trust Company (GBTC). Plaintiff was offered a base salary of $85,000.00 plus a twenty percent bonus and stock options. Plaintiff's previous experience is in the administration of employee benefits retirement plans. GBB hired Plaintiff to be a

trust account administrator of employee benefits plans and some individual retirement accounts. All the named individual Defendants are employees of GBB and GBTC.

Defendant Cheryl E. Howell, an Executive Vice President and Compliance Officer of GBTC, assigned to Plaintiff a large number of personal trust accounts, and charitable and non-profit accounts. These types of accounts are ordinarily handled by a personal trust administrator who typically has several years of relevant work experience and often has a law degree. Plaintiff did not have the relevant work experience nor a law degree when he was assigned these accounts.

On January 26, 2005, Plaintiff resigned from his job on the ground that he could not perform work that he was unqualified to do. Defendants wrongfully retaliated against Plaintiff by denying him the right to collect unemployment insurance benefits. Defendants also "robbed" Plaintiff of his bonus payment and stock options to which he was entitled. Further, Plaintiff alleges that Defendants caused him to suffer a mental breakdown, wrongfully did not take any action to allow Plaintiff to return to work and wrongfully failed to offer him disability benefits related to his diagnosis for bipolar disorder.

On December 13, 2005, Plaintiff had filed a federal complaint titled <u>Chang v. Greater Bancorp, Howell, Marciniak, Colman, Lee and Does 1 to 50</u>, Case No. C 05-5166 CW (2005 complaint). On May 12, 2006, the Court entered an order dismissing many of the causes of action in the 2005 complaint. On February 16, 2007, Defendants filed a motion for summary judgment on the remaining causes of

2

action and on, March 14, 2007, Plaintiff filed a statement of non-opposition to Defendants' motion.  On March 19, 2007, the Court entered an order granting summary judgment to Defendants and judgment was entered against Plaintiff.  On April 13, 2007, Plaintiff filed a notice of appeal.  This appeal is still pending in the Ninth Circuit.

On May 1, 2007, Plaintiff filed a discrimination charge under the Americans with Disabilities Act (ADA) with the Equal Employment Opportunity Commission (EEOC).  The EEOC informed Plaintiff that the charge was untimely and that it would take no action on it.  On May 7, 2007, Plaintiff filed a federal complaint titled <u>Chang v. Greater Bay Bank, Greater Bay Bancorp, Howell, Marciniak. Colgan, Lee and Does 1 to 50</u>, Case No. C 07-2437 CW.[1]  On May 10, 2007, Plaintiff moved to relate the two cases and on May 17, 2007, the Court entered an order relating them.  On June 7, 2007, the Court filed an order denying Plaintiff's motion to proceed in forma pauperis and dismissing the complaint, finding that all of the claims were barred by <u>res</u> <u>judicata</u>.  The Court also noted that Plaintiff's ADA claim was deficient because he did not allege that Defendants were aware of his disability at the time of his resignation and because he failed to exhaust his administrative remedies before the EEOC.  Further, the Court found that Plaintiff's 42 U.S.C. § 1983 claim was deficient because all of the Defendants were private actors.  The Court granted Plaintiff leave

---

[1] Plaintiff was also a plaintiff or defendant in several state court cases involving individuals who are not parties to this lawsuit.  Two state court judgments have been entered against Plaintiff.

3

to amend the complaint if he could add truthful allegations to remedy these deficiencies, including the application of <u>res judicata</u>, and informed him that he must file an amended complaint along with the full filing fee within thirty days of the date of the order.

On June 25, 2007, instead of filing an amended complaint, Plaintiff filed the complaint presently before the Court. As in the two earlier complaints, Plaintiff asserts numerous causes of action. He alleges the same causes of action alleged in the May 7, 2007 complaint: (a) violation of the ADA for wrongful termination; (b) age discrimination based on wrongful termination; (c) violation of the Fair Labor Standards Act because Defendants demanded that Plaintiff perform work he was unqualified to do; (d) violation of the Fair Labor Standards Act based on the hostile work environment created by Defendants; (e) violation of the Fair Labor Standards Act based on non-payment of earnings; (f) violation of civil rights based on wrongful termination; (g) violation of civil rights based on Defendants' wrongfully withholding disability benefits from Plaintiff; (h) violation of civil rights based upon Defendants' denying health benefits to Plaintiff; (i) violation of civil rights based upon Defendants' actions toward Plaintiff arising out of his mental breakdown; (j) violation of civil rights based upon constructive termination; (k) fraud; (l) extortion, coercion and duress; (m) negligence; (n) intentional infliction of emotional distress; (o) negligent infliction of emotional distress; (p) tortious interference with Plaintiff's life and finances; and (q) negligent interference with Plaintiff's life and finances. In

4

addition, Plaintiff alleges causes of action for: (1) non-compliance with the Family and Medical Leave Act (FMLA); (2) violation of civil rights based on denial of worker's compensation benefits; (3) violation of civil rights based on denial of benefits under the FMLA; (4) and (5) "constitutional tort in equal protection" and "breach of contract" based on his constructive termination; (6) and (7) "constitutional tort in equal protection" and "breach of duty" based on the denial of disability benefits; (8) and (9) "constitutional tort in equal protection" and "breach of duty" based on denial of health benefits; (10) and (11) "constitutional tort in equal protection" and "breach of duty" based on the denial of worker's compensation benefits; (12) and (13) "constitutional tort in equal protection" and "breach of contract based on the denial of benefits under the FMLA.

In the May 7, 2007 complaint, Plaintiff alleged that in December, 2006, during the pendency of the appeal of the judgment on the 2005 complaint, Plaintiff's doctor diagnosed him with bipolar disorder. Plaintiff communicated this fact to Defendants' attorneys. Plaintiff now alleges that in December, 2006, he was informed that he had been diagnosed with bipolar disorder in 2003 and that he had been hospitalized, diagnosed and treated for his mental disability during the time he was employed by Defendant Great Bay Bank.

Based upon the causes of action listed above, Plaintiff requests reinstatement of his employment "with seniority and benefits and within the scope of his work experience and skills," an injunction "barring Defendants from engaging in actions that

5

contravene federal laws, state laws and government regulations, or actions that are not in the public interest," compensatory damages based on his loss of compensation and benefits, general damages for emotional distress and mental anguish and punitive damages in the amount of $10,000,000.

In its order granting Defendants' motion to dismiss in the 2005 case, the Court summarized Plaintiff's allegations as follows:

> On April 16, 2001, Plaintiff was hired by Defendant Greater Bay Bancorp (GBB) as a Vice President and Trust Officer of its Trust Company, Greater Bay Trust Company (GBTC). Plaintiff was offered a base salary of $85,000.00 plus a twenty percent bonus and stock options. Defendant GBB hired Plaintiff to be the trust account administrator of its employee benefits plans and of some individual retirement accounts. Plaintiff's professional experience is in the administration of employee benefit retirement plans.
>
> In connection with 31 U.S.C. § 5318 (the Patriot Act), GBB and GBTC had to implement and comply with certain stringent procedures. When Defendant Cathleen Colgan, Vice President and Senior Trust Officer responsible for the administration of Personal Trust accounts, resigned from her job, Defendant Cheryl Howell, Executive Vice President of GBB and head of GBTC, assigned Defendant Colgan's trust accounts, charitable accounts and non-profit accounts to Plaintiff. Under Patriot Act regulations, Defendant Howell should have transferred those accounts to people with relevant experience. Plaintiff did not have the experience to administer such accounts, and Defendant Howell failed to provide to Plaintiff any program or tools to handle those accounts. Defendant Eric Lee, Trust Administrative Assistant at GBTC, failed to support Plaintiff in the administration of client accounts as his job required. Defendant Krystyna Marciniak, Vice President of Operations and Compliance Officer of GBTC, failed to act in her capacity as Compliance Officer to prevent this non-compliance with regulations and sound business principles.
>
> On January 26, 2005, Plaintiff resigned from his job with GBTC on grounds that he was being asked to perform acts that contravene banking regulations and the Patriot Act. Defendant GBB later refused Plaintiff's claims for unemployment insurance benefits, and also refused to pay Plaintiff's bonus. Plaintiff filed complaints with

> the California Unemployment Insurance Appeals Board and the California Labor Commissioner. Both agencies denied Plaintiff's claims.
>
> Based on these allegations, Plaintiff asserts sixteen causes of action alleging breach of fiduciary duty, violation of the Patriot Act, violation of fair labor standards, and violation of civil rights. The first eight counts claim that Defendants breached their fiduciary duty under 12 U.S.C. § 92(a), in their assignment of accounts to Plaintiff without properly training him to handle the accounts. Counts nine and ten claim that Defendant Howell failed to comply with the Patriot Act by assigning Plaintiff to accounts he did not know how to manage . . .
>
> Plaintiff seeks an injunction barring GBB from engaging in actions that contravene the laws of the United States and the public interest, reinstatement to his position with seniority and benefits commensurate with his experience, lost wages, punitive damages, legal fees, and other relief the Court deems proper.

May 12, 2006 Order in No. 05-5166 at 2-3.

In the order dismissing the May 7, 2007 complaint, the Court found that "except for the allegation that Plaintiff suffered from bipolar disorder, the 2005 complaint and the instant complaint contain the same allegations against the same Defendants." June 7, 2007 Order in No. 07-2437 at 7. Except for the allegation that Defendants were aware that Plaintiff had been diagnosed with bipolar disorder in 2003, the allegations in Plaintiff's current complaint are the same as those in the prior two complaints.

DISCUSSION

I. Doctrine of Res Judicata

A. Legal Standard

As discussed in the order dismissing the May, 2007 complaint, res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior

7

action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata operates where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)). The federal rule on the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the effect of a final judgment for res judicata purposes. Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985), superseded on other grounds, 880 F.2d 149 (9th Cir. 1989).

Two claims or causes of action are the same, for purposes of the first prong of the res judicata test, if they arise from the same transaction or series of transactions. Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories supporting the same claim for relief must be brought in the initial action." Id. Likewise, all evidence pertinent to a particular claim must be raised in the initial action because "when a court of competent jurisdiction has

8

entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) (internal quotation marks omitted).

B. Application

A review of the allegations in the 2005 complaint, the May 7, 2007 complaint and the instant complaint reveals that, except for the allegations that Plaintiff was diagnosed with bipolar disorder in 2003 and Defendants were aware of this, the three complaints have identical allegations against Defendants.

The first two prongs for the application of res judicata are easily met because there was a judgment on the merits in the 2005 complaint and the parties are the same in both actions. Plaintiff argues that the FMLA and workers compensation claims added in the new complaint are different. However, the causes of action in the complaints arise from the same transactions or series of transactions, as described in the law discussed above.

The only new factual allegation in the instant complaint, that Plaintiff was first diagnosed with bipolar disorder in 2003 and Defendants were aware of the diagnosis, fails for two reasons. If Plaintiff was aware of his diagnosis in 2003, he should have made any allegations related to that diagnosis in his 2005 complaint. Further, this allegation conflicts with the allegation in the May 7, 2007 complaint that Plaintiff was not diagnosed with bipolar

9

disorder until December, 2006.

It appears that Plaintiff has attempted to cure one of the defects of his ADA claim in the May 7, 2007 complaint by making the new allegation that Defendants were aware of his bipolar disorder. However, Plaintiff may not remedy defects by making conflicting allegations. Thus, even if the Court considered this complaint as the amendment allowed in the June 7, 2007 order dismissing the May 7, 2007 complaint, it is subject to dismissal because it does not cure the defects noted in that order.

All of Plaintiff's causes of action are dismissed based upon the application of the doctrine of res judicata.

II. Federal Rule of Civil Procedure 11

Defendants request that the Court issue an order pursuant to Federal Rule of Civil Procedure 11, prohibiting Plaintiff from "filing additional lawsuits against Defendants regarding his employment and resignation." Motion at 10.

Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). As noted by the Ninth Circuit, district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).

The Ninth Circuit has established four guidelines "to maintain this delicate balance between broad court access and prevention of court abuse." Id. at 617. Before a court enters a vexatious

10

litigant order: (1) the plaintiff must be given adequate notice to oppose entry of the order; (2) the court must present an adequate record by listing the case filings that support its order; 3) the court must make substantive findings of frivolousness or harassment; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses. Id.; DeLong, 912 F.2d at 1147-49.

Based on the record before it, the Court will not enter such an order at this time. However, the Court reminds Plaintiff that the doctrine of res judicata precludes him from again raising against Defendants any claims arising out of the termination of his employment, even if those claims are based on new legal theories.

## CONCLUSION

For the reasons noted above, the Court GRANTS Defendants' motion to dismiss. (Docket No. 6).[2] This matter is dismissed with prejudice and without leave to amend. The Clerk of the Court shall enter judgment and close the file. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 9/21/07

CLAUDIA WILKEN
United States District Judge

---

[2] Defendants' request for judicial notice of filings and orders in the 2005 and May 7, 2007 cases, which Plaintiff does not oppose, is also GRANTED (Docket No. 7).

11

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHANG et al,

    Plaintiff,

v.

GREATER BAY BANK et al,

    Defendant.

Case Number: CV07-03334 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerard Chang
1247 Vicente Street
San Francisco, CA 94116

Dated: September 21, 2007

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

12